[S. F. No. 2662.   Department One. — March 25, 1901.]

F. J. DEVLIN, Appellant, v. A. J. RYDBERG et al., Respondents.

INJUNCTION — DECLARATORY ORDER — APPEAL — DISMISSAL. — A mere declaratory order, signed by a judge, not purporting to vacate or dissolve an injunction, but merely declaring that the injunction is no longer in force, which order was not filed with the clerk, nor intended to be entered in the minutes of the court, is not a "direction" of the court nor an appealable order, and an appeal therefrom must be dismissed.

MOTION to dismiss an appeal from an order of a judge of the Superior Court of the City and County of San Francisco declaring an injunction no longer in force.   Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Kierce & Gillogley, for Appellant.

H. A. Massey, for Respondents.

HARRISON, J. — Motion to dismiss the appeal.

The superior court granted an injunction in the above-entitled cause, January 8, 1900, restraining the defendant from doing certain acts therein specified, and on January 12, 1901, the Hon. F. J. Murasky, judge of said court, signed a written instrument, wherein, after reciting the granting of the injunction, and that more than twelve months had elapsed since it was granted, and that the action had never been set for trial or tried, and that the defendants had not consented to the continuance of said injunction, it was "ordered, adjudged, and decreed that said injunction is no longer in force." This instrument was not filed with the clerk or entered in the minutes of the court, but on January 25th the plaintiff's attorney filed a certified copy thereof in the clerk's office, and on February 5th, at his request, it was copied by the clerk into the minutes of the court.   February 6th, the defendant gave notice of an appeal from this order.   The plaintiff now moves to dismiss the appeal, upon the ground that the entry by the clerk, upon the minutes of the court, of a certified copy of an order is not an order of the court, and upon the further ground that

an order declaring that an injunction is no longer in force is not an appealable order.

Section 1003 of the Code of Civil Procedure defines an order to be a "direction" of a court or judge, made or entered in writing, and not included in a judgment, and section 939 provides that an appeal may be taken from an order "granting or dissolving an injunction." The order appealed from is not a "direction" of the court, nor does it purport to dissolve the injunction previously granted, or, by its terms, to have any effect upon that injunction. It is a mere declaration by the judge that the injunction is no longer in force. That it was not the intention of the judge that it should be considered as an order of the court, may be inferred from the fact that he did not cause it to be entered upon its minutes or filed with the clerk. It also appears upon the face of the writing that he erased from the form presented for his signature the words, "and the same is hereby vacated and dissolved," and it is clear from this fact that he did not intend that the injunction previously granted should be dissolved *by reason of* this order. No authority has been cited in support of the authority of the clerk to enter upon the minutes of the court a certified copy of an instrument without any direction of the court therefor.

Section 527 of the Code of Civil Procedure, as amended in 1895, provides: "No injunction granted prior to the actual trial of the cause wherein it is granted shall continue in force for a longer period than twelve months from the time such injunction was granted, except by consent of the parties, or unless the cause be set for trial upon its merits." Whether, upon establishing these facts, the defendant in the injunction suit may show in excuse of his conduct that the injunction has ceased to be operative, although it has not been formally dissolved, or whether these facts authorized the court to dissolve the injunction, is not involved upon this motion. The court did not make any order dissolving the injunction, and as it is only from such an order that an appeal can be taken, the motion must be granted.

The appeal is dismissed.

Van Dyke, J., concurred.

Garoutte, J., concurred in the judgment, upon the ground that an appeal cannot be taken from the entry of a certified copy of an order.