## SALT LAKE CITY v. SALT LAKE INV. CO.

No. 2479.   Decided July 8, 1913 (134 Pac. 603).

1. PROCESS—DEFECTIVE SERVICE—EFFECT. In an action to quiet title to various parcels of real estate in which various parties made defendants claimed some interest, all, however, not being interested in the same parcel, the insufficiency of the affidavit upon which an order for service by publication was based did not render the judgment void as to a resident defendant served with process; there being at most a defect of parties defendant or a misjoinder of causes of action which, under the express provisions of Comp. Laws 1907, section 2967, were waived, where objection was not made by special demurrer or answer.[1]  (Page 190.)

2. PLEADING—WAIVER OF OBJECTIONS—FAILURE TO VERIFY. Notwithstanding Comp. Laws 1907, section 2983, providing that when the complaint is verified all subsequent pleadings except demurrers must be verified, no consequences being imposed for failure to verify a pleading, the defect may be and is waived, unless timely objection is made upon that ground.[2]  (Page 192.)

3. PLEADING—WAIVER OF OBJECTIONS—FAILURE TO VERIFY. Under Comp. Laws 1907, section 2983, providing that when the complaint is verified all subsequent pleadings except demurrers

---

[1] Liebhardt v. Lawrence, 40 Utah, 243, 120 Pac. 215.
[2] Lime & Stone Co. v. Danley, 38 Utah, 218, 111 Pac. 647.

must be verified, and section 3512, providing that, if the defendant in an action to quiet title disclaim in his answer any interest or estate in the property, the plaintiff cannot recover costs, an unverified disclaimer when acted upon was as effective as though it had been verified, and the failure to verify did not render the judgment void for want of jurisdiction, especially where the party attacking the judgment was the party who filed the disclaimer. (Page 192.)

4. PLEADING—DEMURRER—WAIVER. Where, in an action to quiet title, after filing a demurrer, a defendant filed a disclaimer, it waived its right to a ruling on the demurrer, and the judgment was not void for want of jurisdiction on the ground that it was entered while the demurrer was still pending. (Page 192.)

5. LIMITATION OF ACTIONS—PLEADING—IGNORANCE OF FRAUD. In an action by a city to set aside a judgment quieting title in another to land of the city wrongfully sold for taxes although exempt on the ground that a disclaimer filed in the action to quiet title by the city's attorney was filed without authority, a complaint, alleging that the plaintiff in the former action knew that the city had a good defense to that action and that such plaintiff had no legal right or title to the property, and knew that the city attorney had no authority to file the disclaimer, but by concealing the facts from the court procured the decree, and that the city, relying on its attorneys and having no notice or knowledge that they had exceeded their power or authority by filing the pretended disclaimer, and having no reason or occasion to make or cause to be made any investigation, or to be put upon inquiry, and being lulled into security by its attorneys up to a date shortly before the bringing of the suit when the record was examined by its then attorney, did not state a clear and concise statement of facts, from which lack of knowledge or information of the plaintiff's alleged fraud could be deduced so as to authorize the city to sue after the expiration of three years, under Comp. Laws 1907, section 2877, subd. 4, providing that an action for relief on the ground of fraud must be brought within three years; the cause of action not being deemed to have accrued until the discovery of the facts constituting the fraud. (Page 193.)

6. MUNICIPAL CORPORATIONS—LIMITATION OF ACTIONS. All the consequences of notice, laches, and lack of diligence applies to a municipal corporation with the same effect as to private corporations or individuals. (Page 194.)

7. MUNICIPAL CORPORATIONS—ACTIONS—REPRESENTATIONS BY ATTORNEY. Municipal corporations are bound by the acts of their attorneys the same as private corporations or individuals. (Page 194.)

8. ATTORNEY AND CLIENT—MUNICIPAL CORPORATIONS—AUTHORITY—
   CONSENT TO JUDGMENT. Attorneys have power to bind. their
   clients, including municipal corporations, by consenting to judg-
   ments or decrees. (Page 194.)

9. LIMITATION OF ACTIONS—FRAUD—IGNORANCE OF FRAUD. Under
   Comp. Laws 1907, section 2877, subd. 4, providing that an action
   for relief on the ground of fraud must be brought within three
   years, the cause of action in such case not to be deemed to
   have accrued until discovery of the facts constituting the fraud,
   a city more than three years after‾a judgment entered upon
   the disclaimer of its attorney, quieting title to land owned by it
   and wrongfully sold for taxes although exempt, and after a
   change in the city officers, could not. sue to set aside the judg-
   ment on the grounds of fraud on the part of the plaintiff in
   the former action, consisting of its knowledge of the city's title
   and of its own lack of title, since the city must have known
   when the judgment was rendered that its property was im-
   mune from taxation. (Page 194.)

APPEAL from District Court, Third District: *Hon. T. D. Lewis,* Judge.

Action by Salt Lake City against the Salt Lake Invest-
ment Company.

Judgment sustaining a demurrer and dismissing the com-
plaint. Plaintiff appeals.

*A*FFIRMED.

*H. J. Dininny,* city attorney, *P. J. Daly* and *Aaron My-
ers,* assistant city attorneys, for appellant.

*C. S. Patterson* and *C. S. Varian* for respondent.

APPELLANT'S POINTS.

Where the steps by which a court is supposed to have ac-
quired jurisdiction are all shown by the record, and it ap-
pears from an examination of the same without recourse
to extraneous matter, that the court acted without jurisdic-
tion, the judgment may be attacked and set aside. (Black
on Judgments, Sec. 218; *C. B. & Q. R. R. Co. v. Hitchcock,*

84 N. W. 97; *Fogg v. Ellis,* 86 N. W. 494; *Ritchie v. Snyder,* 100 Fed. 520.)

The authority of a person confessing judgment for another must appear on the record. (*Campbell v. Cooper,* 6 N. J. L. 142; *Cade v. Young,* 8 N. J. L. 369.) The court has no power to enter judgment by confession without confession by the defendant or his attorney on *cognovit* or warrant of attorney. (*Bernstein v. Curran,* 99 Ill. App. 179.) Judgment by agreement is a judgment by confession; there is no distinction. (*Lauderdale v. R. T. A. Emms, etc.,* 24 S. W. 834.) Where judgment purporting to be entered by agreement was entered without authority, judgment and all proceedings under it will be set aside. (*Foley's etc. v. Gutliff,* 43 S. W. 190.)

Without authority from governing body, the chairman or attorney for village has no authority to confess judgment; they cannot stipulate away the rights of the village, and court who renders judgment in such case is without jurisdiction. (*C. B. & Q. R'y Co. v. Hitchcock,* 84 N. W. 97 [Neb.]; *R'y Co. v. Baker,* 45 Pac. 494 [Wyo.].) No affidavit of merit is necessary in support of application to set aside a judgment void for want of jurisdiction. (*Bennett v. Supreme, etc.,* 82 Pac. 744.) Judgment is void if confessed without filing warrant of attorney showing authority to file the same. (*Desnoyers S. Co. v. Bank,* 188 Ill. 312; 58 N. E. 994.)

Persons dealing with a municipal corporation are bound to know the extent of the powers lawfully confided to the officers with whom they are dealing on behalf of such corporation, and must guide their conduct accordingly. (*Murphy v. Louisville,* 72 Ky. 189; *Stone v. Bank,* 174 U. S. 424; *People v. Mayer,* 11 Abbott Pr. 66.)

An attorney, whether for a municipal corporation or for an individual, may enter into no bargains or contracts in reference to his client's rights, as contradistinguished from mere agreements as to the conduct of the suit, which will bind the client, unless he has been specially authorized or his acts have been ratified by his employer, and the want

of authority of an attroney to consent to a compromise judg-
ment under such a bargain or agreement may be shown in
a collateral attack, and the judgment thus obtained set aside.
(*Preston v. Hill,* 50 Cal. 43; *Robinson v. Murphy,* 69 Ala.
543; *Demort v. Looner,* 21 Conn. 245; *Davidson v. Rozier,*
23 Mo. 387; *Marbourg v. Smith,* 11 Kan. 562; *Swinfen v.
Swinfen,* 24 Beaver 549; *Hall Safe & Lock Co. v. Harwell,*
88 Ala. 441; *Vail v. Conant,* 15 Vt. 314; *Doub v. Barnes,*
1 Md. Ch. 127; *Smock v. Dade,* 5 Randall 639.)

### RESPONDENT'S POINTS.

Almost every statutory requirement in matter of pro-
cedure, including jurisdiction of the person, may be waived,
and is waived by failure to interpose timely objection call-
ing attention to the defect. Want of verification is one of
the requirements that may be so waived. (*Morgan v. Bart-
lette,* 2 O. C. D. (Ohio) 244; *Hughes v. Feeter,* 18 Iowa
142; *Moses v. Risdon,* 46 Iowa 251; *Yaizer v. Burke,* 11
Miss. 439; *Johnson v. Jones,* 2 Neb. 126.)

If in an action a court had jurisdiction to render a judg-
ment, and such judgment has never been reversed or modi-
fied it is binding on the parties and their privies, and con-
clusive of the questions litigated; and, if the court has mis-
applied the law as to any question, the judgment must never-
theless stand until corrected in some appropriate way.
(*Hodson v. Union Pac. Ry.,* 14 Utah 402, 47 Pac. 859; R.
G. W. Ry. v. Telluride, 23 Utah 22, 63 Pac. 995; *Hoag-
land v. Hoagland,* 25 Utah 56, 69 Pac. 471.)

Attorneys have authority to bind their clients in the
progress of law suits, by compromises, stipulations and con-
sent orders. Thus a decree given upon a compromise and
by consent of parties through their attorneys, is a bar by
estoppel. (*Merritt v. Campbell,* 47 Cal. 542; *Royston v.
Horner,* 75 Me. 557-567.) So where a defendant was not
served with process and an attorney appeared without au-
thority, it was held that the court had jurisdiction. (*Seale
v. McLaughlin,* 28 Cal. 669.) Neglect of an attorney,
whereby judgment is rendered against his client, is no

ground for relief in equity, in the absence of fraud. (*Wynn v. Wilson,* Fed. Case No. 18112; *Barhorst v. Armstrong,* 42 Fed. 2; *Broda v. Greenwald,* 66 Ala. 538; *Ames v. Snyder,* 55 Ill 498; *Fuller v. Little,* 69 Ill. 229; *Bardonski v. Bardonski,* 144 Ill. 284, 33 N. E. ·39; *Patterson v. Matthews,* 6 Ky. 80; *Barrow v. Jones,* 24 Ky. 470; *Matthis v. Cameron,* 62 Mo. 504; *Bowman v. Field,* 9 Mo. App. 576; 11 Mo. App. 594; *Burton v. Wiley,* 26 Vt. 430; *Ayers v. Morehead,* 77 Va. 586; *Hiles v. Mosher,* 44 Wis. 601.)

The plaintiff city is presumed to have known what the records disclosed, and also those matters which were of public notoriety, and is charged with notice of the facts relating to its own property which would have been disclosed to it if it had exercised ordinary prudence in the conduct of its affairs. (*Foster v. R. R. Co.,* 146 U. S. 88-99-100; *Hecht v. Slaney,* 72 Cal. 363-367; 14 Pac. 88; *Manning v. San Jacinto Tin Co.,* 9 Fed. 726-735-736.)

Where the matters complained of as frauds are evidenced by public records, it is settled that the party who seeks to avoid the effect of such notice must show something more than concealment by mere silence—some affirmative act of deception; there must be some misleading device or contrivance on the part of the party charged with fraud intended to exclude suspicion, prevent inquiry and the institution of adequate measures of redress." (*Lant v. Mauley,* 71 Fed. 7-19; *New Albany v. Burke,* 11 Wallace 107; *Wood v. Carpenter,* 101 U. S. 135-140; *Pearsall v. Smith.* 149 U. S. 231-236.) It is not enough for a plaintiff, who relies upon the fact that he did not discover fraud or mistake until within three years prior to the bringing of his suit to avoid the bar of the statute of limitations, to simply allege the conclusion that he was ignorant of the facts at the time of occurrence and had not been informed of them until within three years of bringing his suit. He must show that the acts of fraud complained of were committed under such circumstances that he would not be presumed to have any knowledge of them, as that they were done in secret or kept concealed; and he must show times and circum-

stances under which facts constituting fraud were brought
to his knowledge so that the court may determine whether:
the discovery was within the time alleged. And, the delay
which has occurred must be shown to be consistent with the
requisite diligence. (*Lady Washington Co. v. Wood*, 113
Cal. 482-6-7; 45 Pac. 809; *Latillade v. Orena*, 91 Cal. 565;
27 Pac. 924, 927; *Bills v. Silver King Mining Co.*, 106
Cal. 9-19; 39 Pac. 43-45; *Hetch v. Slaney*, 72 Cal. 363-7;
14 Pac. 88; *Ryan v. Wooden*, 9 Idaho 525; 75 Pac. 261-
262; *Wood v. Carpenter*, 101 U. S. 140; *Ware v. Galves-
ton*, 146 U. S. 102-116; *Johnston v. Mining Co.*, 148 U. S.
360-370; *Boone County v. B. M. R. R. Co.*, 139 U. S. 685.)

FRICK, J.

This is a proceeding in equity to set aside and annul a
judgment. The facts upon which relief was asked, briefly
stated, are as follows:

That the plaintiff is a municipal corporation, and the
defendant is a private corporation. That on the 26th day
of October, 1869, the plaintiff by purchase and proper deeds
of conveyance from the then owners acquired the title in
fee to certain real estate situate in Salt Lake County,
Utah, which is fully described in the complaint, and which
deeds, it is alleged, were duly recorded in Salt Lake County
in the month of August, 1870. That thereafter Salt Lake
County unlawfully sold the real estate aforesaid for taxes,
and that pursuant to said tax sales the auditor of said county
pretended to convey a portion of said lands to the defend-
ant and that the defendant through certain tax sales and tax
sale certificates, unlawfully made and issued by said county,
claimed ownership of all the lands in controversy. That at
all times since 1869 all of said real estate sold to and claimed
by the defendant as aforesaid was exempt from taxation. That
thereafter, on the 17th day of October, 1905, the defend-
ant, claiming to be the owner, and basing its claim of own-
ership upon the tax deeds and tax sale certificates afore-
said, commenced an action in the district court of Salt Lake
County, which action was designated as No. 7608, to quiet

the title to the lands in question in itself. That the plaintiff was made a party to said action and was duly served with summons, and by its attorneys entered an appearance therein by filing a general demurrer to the complaint. That thereafter, and without having said demurrer disposed of, said attorneys, representing the plaintiff herein as one of the defendants in said action, entered into a pretended agreement with the plaintiff in that action, who is the defendant in this action, whereby the said attorneys agreed to and did in behalf of the plaintiff herein file a disclaimer in said action in which the plaintiff disclaimed all right, title, and interest in and to said real estate except a right of way over a portion thereof, which right of way was to be and was fully defined in the decree quieting the title in the plaintiff, and said attorneys then and there stipulated that the court should enter a decree quieting the title in and to said real estate (except the said right of way) in the plaintiff in said action, which decree was accordingly entered. That the plaintiff herein now has and always has had a "good and meritorious defense" to said action No. 7608, and now is and always has been "the owner in fee simple of the property mentioned in the decree aforesaid." That the defendant herein well knew that the plaintiff herein had a good defense to said action by reason that said lands were exempt from taxation. That the attorneys aforesaid although at said time were the attorneys for Salt Lake City, the plaintiff herein, they nevertheless had no authority to enter into any agreement of disclaimer or to file any disclaimer on behalf of the plaintiff herein in the action aforesaid. That said pretended disclaimer was unauthorized and was a nullity, and that the demurrer interposed by said attorneys on behalf of the plaintiff herein still remains pending and undisposed of. That the defendant herein well knew "that it had no legal right, claim, title, or interest of any kind, nature, or description in or to the property described in the plaintiff's complaint in said action, and well knew that the pretended agreement and disclaimer filed therein by the then city attorneys was false and

untrue, and well knew that the then city attorneys had no authority, right, or warrant of law whatever for making or entering into said agreement or filing the said pretended disclaimer," and that by concealing the facts from the court the defendant herein "procured the judgment and decree" in said action. "That this plaintiff, relying on its attorneys to protect its interests in said case No. 7608, and having no notice or knowledge that they had exceeded their power or authority, or that they had entered into the pretended agreement aforesaid, or filed the pretended answer and disclaimer as alleged, and having no notice or knowledge of the facts as hereinbefore alleged, or reason or occasion to make or cause to be made any investigation, or to be put upon inquiry in the premises, and being lulled into security by its said attorneys up to and including February 20, 1912, when the record in said case was examined by this plaintiff's attorney."

The disclaimer mentioned above was set forth as an exhibit and made a part of the complaint. It reads as follows:

"Comes now Salt Lake City, one of the defendants in the above-named action, and, upon agreement that the decree herewith submitted to the court be signed, disclaims any and all interest in and to said premises except such as are vouschafed to it by said decree."

The foregoing disclaimer was properly subscribed by the attorneys for appellant, and was indorsed by the clerk as follows: "Filed Nov. 25, 1905." The date aforesaid was also the date on which' the decree was signed. The plaintiff herein also attached to the complaint as exhibits the findings of fact, conclusions of law, and decree in case No. 7608.

The defendant demurred to the complaint for want of facts, and also for the reason that under our statute the action was barred by the provisions of Comp. Laws, 1907, section 2877, subd. 4, and further that plaintiff cannot recover because it has been guilty of laches and negligence. The district court sustained the demurrer, and, the plain-

tiff having elected to stand upon its complaint, the court entered judgment dismissing the action, from which judgment the plaintiff appeals. The rulings of the court in sustaining the demurrer and in entering judgment as aforesaid are assailed as error.

We remark that appellant concedes that its attorneys aforesaid were its duly authorized attorneys; but it nevertheless insists that they were without authority to file the disclaimer or to consent to the decree aforesaid.

The first contention made is that the court should have set aside the judgment entered in case No. 7608 for the reason that some of the defendants in that action were nonresidents of the State of Utah and as such were not legally served with summons, because the affidavit upon which the order for service by publication was based was insufficient to justify service by publication, under the rule adopted by this court in *Liebhardt v. Lawrence,* 40 Utah, 243, 120 Pac. 215. Although it were conceded that the affidavit for service by publication comes within the rule laid down in the Liebhardt Case, *supra,* yet the consequences contended for by appellant would not necessarily follow. It appears from the complaint and exhibits that case No. 7608 was an action to quiet title to real estate; that there were several parcels of real estate in which it was alleged various parties who were made defendants claimed some interest; that not all of the parties claimed to be or were interested in the same parcel; but it was alleged that all of the defendants claimed some interest in some one or perhaps more of the parcels described in the complaint. It also appears that so far as the appellant is concerned it alone was interested in and made claim to the parcel of land involved in this action, and hence so far as the other defendants were concerned it made no difference whether they were made parties to that action or not. Indeed, appellant by its conduct at least tacitly concedes this much, since, if the parties referred to by it were indispensable parties to the former action in so far as the real estate in question is concerned, they would like-

wise be necessary parties to this action, and yet appellant seems to have thought that all rights to the real estate involved here can be adjusted without them. Be that as it may, the most that can be said is that in case No. 7608 there was a defect of parties defendant, or, to state the defect more accurately, a misjoinder of causes of action, and under our statute (Comp. Laws 1907, section 2967) such a defect in no way affects the jurisdiction of the court or the rights of the parties; but in case objection is not made either by special demurrer or by answer the defect is waived, and neither party can avail himself thereof after judgment. We need not inquire, therefore, whether or not the service upon any one or more of appellant's codefendants in the former action was good or bad.

In this connection it is urged that under the ruling in the Liebhardt Case, *supra,* the judgment or decree in case No. 7608 is void as to those defendants not properly served with summons by publication, and since it is void as to them it is void as to all who were defendants in that action, of whom appellant was one. In support of this contention counsel cite 1 Black on Judgments (2d Ed.) section 211. It is true that the author of that work there says that many courts have held that where a joint judgment is void as to one it is so as to all defendants; but the author also points out in the same section that the courts are very much divided upon the question, and then cites about as many cases in which such a rule is repudiated as of those in which it is upheld. But for the reasons already stated we need not now pass on what the effect of a joint judgment which is void as to one defendant would be, since we have seen that in view of the separate interests of the different defendants the doctrine applicable to joint judgments can be given no effect.

It is next contended that the court had no jurisdiction to render the judgment because the disclaimer filed by appellant's attorneys in case No. 7608 was unverified. We do not think so. It is true that Comp. Laws 1907, section 2983, provides "when the complaint is verified . . . all subsequent pleadings except demurrers must be verified." The

statute, however, does not impose any consequences in case a pleading is not verified, and where such is the case the defect may be and, unless timely objection is made upon that ground, is waived, 31 Cyc. 732. The same section also provides that pleadings must be subscribed by the party or his attorney, yet notwithstanding that fact we have held that such a defect may be waived. (*Lime & Stone Co. v. Danley,* 38 Utah, 218, 111 Pac. 647). See, also, to the same effect, 31 Cyc. 732. Moreover, Comp. Laws 1907, section 3512, provides that a defendant may file a disclaimer, and if one is in fact filed although not verified we cannot see why, if acted on, it is not as effective as though it were verified. At all events it in no way affects the court's jurisdiction or power to act. The disclaimer that is objected to was, however, filed by the appellant. If, therefore, the objection were permitted, it would result in permitting a party to take advantage of its own defective pleading after its defect was waived by its adversary and disregarded by the court. This may not be done when, as here, the defect is not jurisdictional.

What has been said also disposes of the contention that the general demurrer interposed by appellant in case No. 7608 is still pending. By filing the disclaimer and consenting to the judgment appellant waived its right to have the demurrer passed on by the court. After it had filed the disclaimer and by the judgment obtained all it asks for it was no longer concerned whether the complaint was defective or not, and, so long as counsel do not contend that the complaint in the former action was so defective in substance as to deprive the court of power to render a judgment, the defect, whatever it was, is immaterial. In any event the right to a ruling on the demurrer was waived. 31 Cyc. 749. From what has been said it follows that appellant's contention that the judgment in case No. 7608 is void for want of jurisdiction cannot prevail.

This brings us to the only real question in the case, namely, Is this action barred by the provisions of the statute of limitations and by reason of laches and lack

of diligence on the part of appellant in commencing it? Comp. Laws 1907, section 2877, subd. 4, in fixing the time within which an action for relief such as is sought in the present action must be commenced, provides:

"An action for relief on the ground of fraud or mistake, three years; the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

By the allegations in the complaint which we have quoted in full appellant seeks to bring this case within the last clause of the foregoing subdivision, namely, that it did not discover the facts constituting the alleged fraud or mistake until a short time before this action was commenced. Considering the complaint as a whole, as we must, it is very clear that the allegations respecting the want or lack of knowledge or information on the part of appellant are in the main mere conclusions of law and not a clear and concise statement of fact from which the lack of knowledge or information is deducible. Such general statements have frequently been condemned and held insufficient as a pleading of the facts which show a want of knowledge or information concerning the alleged fraud or mistake. In the following cases the question is carefully considered: *Kessler v. Ensley Co.* (C. C.) 123 Fed. 563; *Wood v. Carpenter,* 101 U. S. 140, 25 L. Ed. 807; *Ware v. Galveston,* 146 U. S. 102-116, 13 Sup. Ct. 33, 36 L. Ed. 904; *Boone County v. Burlington, etc., Ry. Co.,* 139 U. S. 685. 11 Sup. Ct. 687, 35 L. Ed. 319; *Lady Washington Co. v. Wood,* 113 Cal. 482, 45 Pac. 809; *Foster v. Mansfield, etc., Ry. Co.,* 146 U. S. 88, 13 Sup. Ct. 28, 36 L. Ed. 899; *Pearsall v. Smith,* 149 U. S. 231, 13 Sup. Ct. 833, 37 L. Ed. 713; *Lataillade v. Orena,* 91 Cal. 565, 27 Pac. 924, 25 Am. St. Rep. 219; *Bills v. Silver King Min. Co.* 106 Cal, 9-19, 39 Pac. 43. See, also, *Hiles v. Mosher,* 44 Wis. 601; *Ayers v. Morehead,* 77 Va. 586; *Broda v. Greenwald,* 66 Ala. 538.; *Darling & Moore v. Mayor, etc., of Baltimore,* 51 Md. 1; and *Electric L. Co. v. Leiter,* 19 D. C. 575.

In *Shain v. Sresovich,* 104 Cal. at page 405, 38 Pac. at page 52, the Supreme Court of California, in passing upon the effect of a statute of which the portion we have quoted above is an exact transcript, says:

"The rule is well established that the means of knowledge is equivalent to knowledge, and that a party who has the opportunity of knowing the facts constituting the fraud of which he complains cannot be supine and inactive, and afterwards allege a want of knowledge that arose by reason of his own laches or negligence."

To the same effect are *Deering v. Holcomb,* 26 Wash. 595, 67 Pac. 242, 243; *Hecht v. Slaney,* 72 Cal. 363, 14 Pac. 88; and *Ratliff v. Stretch,* 130 Ind. 282, 30 N. E. 30.

It is also a well-recognized rule that all the consequences of notice, laches, and lack of diligence apply to a municipal corporation with the same effect that those matters do to private corporations or individuals. (*Royston v. Horner,* 75 Md. 557-567, 24 Atl. 25; *Boone County v. Burlington, etc., Ry. Co., supra; Dunklin County v. Chouteau,* 120 Mo. 577-596, 25 S. W. 553; *Hill v. Mendenhall,* 21 Wall. 454, 22 L. Ed. 616; *Matthis v. Town of Cameron,* 62 Mo. 507.)

In the cases last cited it is also clearly held that municipal corporations are bound by the acts of their attorneys precisely the same as private corporations or individuals would be, and in the absence of fraud or collusion on their part attorneys have power to bind their clients, including municipal corporations, by consenting to judgments or decrees. It will be observed that in the case at bar appellant does not charge its former attorneys either with having been guilty of fraud or collusion in any manner or to any extent. The whole fraud alleged consists in respondent's claim of title or right to the property in question by means of its tax title and tax sale certificates, when, as contended by appellant, it very well knew that the property was exempt from taxation, and hence no claim to the land could be based upon a tax deed or tax sale certificate. But assuming that respondent knew all of this the question still

remains to be answered, Did not appellant also know it? How can appellant excuse its long delay in bringing this action in view of the fact that it was a party to the very judgment it now seeks to set aside and must have known then as well as when it commenced this action that its property was immune against all taxes. It also must have known upon what claim the decree quieting the title to the property in question in the respondent was based. The mere fact that there is a rotation in city officers where the outgoing officers have not been guilty of fraud or collusion with regard to the matter in litigation cannot and does not excuse delay beyond the statutory time. Not a single case is cited by appellant, and we think none can be found, where a court of equity granted relief in a case where the facts and circumstances were anything like in the case at bar. Many cases can be found, however, where, under facts and circumstances much stronger than those in this case, relief was denied upon the express ground of laches, want of diligence, and the statute of limitations. In the following cases the courts squarely hold that for the reasons aforesaid no relief can be granted: *Pearsall v. Smith, supra; Hecht v. Slaney, supra; Foster v. Mansfield, etc., Ry. Co., supra; Deering v. Holcomb, supra.*

If courts of equity interfered with judgments under facts and circumstances as alleged in the complaint before us, they would create infinitely more mischief and harm than they could avoid or cure by their interference. Moreover, in doing so they would in effect repeal the salutary effects of the statute of limitations, the purpose of which is to prevent the reopening of stale claims or demands of any kind or character, even in cases of fraud or collusion, when the means of discovering the facts constituting the fraud are at hand. Again, if it were once judicially determined that a party to an action could, for the reason stated in the complaint, repudiate the authority of his attorneys and escape from the consequences of their admissions made during the progress of the cause, there would be no end to litigation. Just so long as a party could employ other lawyers to represent him,

he would refuse to be bound by the acts of those he had employed before, in case he was dissatisfied with such acts. How may courts know that attorneys are authorized except by their acts and conduct, in the absence of any claim that they are not authorized? Courts have a right to presume and do presume that attorneys are duly authorized to do what they assume to do in a particular case, and this presumption prevails until the contrary is made to appear; and, where a client has stood by and has permitted both courts and others to act upon this presumption, he may, under certain conditions, be estopped from assailing the authority of his attorneys. If the authority of attorneys can be assailed and overcome as easily as counsel for appellant seem to think, how could we bind the appellant by anything counsel have done in this case? A mere statement of the proposition shows how utterly unsafe and unstable judgments would be if such a course were followed.

It would subserve no useful purpose to review or even to refer to the many cases cited by counsel for appellant in their brief. It may be conceded that under the facts and circumstances disclosed by those cases they are correctly decided. None of them can, however, be given any effect in the case at bar.

The ruling of the district court in sustaining the demurrer and in rendering judgment dismissing the complaint are clearly right, and should be affirmed.

Such is the order. Costs to respondent.

.McCARTY, C. J., and STRAUP, J. concur.