COOLSAET, et al, Respondents, v. CITY OF VEBLEN, Appellant.

(226 N. W. 726.)

(File No. 6951.   Opinion filed September 20, 1929.)

*Otto Kaas* and *Harold W. King,* both of Britton, for Appellant.

*Buell F. Jones,* of Britton, and *James H. Hall,* of Marshall, Minn., for Respondents.

FULLER, C. The question is whether appellant, city of Veblen, is estopped to maintain its appeal to this court, the dismissal of which is demanded by respondents' motion. Facts sufficient for the purpose of this discussion may be thus stated:

The appellant, city of Veblen, entered into a contract with respondents on June 8, 1921, according to which they were to construct an extension of water mains for the contract price of $7,910.22 to be paid in cash or in valid assessment certificates against the property benefited by the improvement. After completion and acceptance of the work, the city issued to respondents the assessment certificates, but they proved to be null and void by reason of procedural defects, and the failure of the proper officer to certify a copy of the assessment roll, describing the properties assessed, to the county auditor, on account whereof the special assessment was not spread upon the tax books and made a lien against the said properties. After presentment and nonpayment of their claim against the city for the amount due under the contract, as aforesaid, respondents commenced an action in the circuit court of Marshall county against the city. Therein the city appeared by Mr. C. A. Sasse, an attorney of Veblen, and Messrs. Waddel & Daugherty, attorneys of Webster, S. D. Demurrer to plaintiffs' complaint was interposed and overruled, and the city joined issue. Testimony was taken before a referee, and at trial on June 17, 1928, the same was presented with additional proof to the court. At the trial the mayor and other officials of the city were present, as well as the attorneys above mentioned. At the conclusion of the plaintiffs' case, the attorneys for the defendant city requested a

recess, and a conference with the attorneys for the plaintiffs, who are the respondents in this appeal, was had. It was freely admitted by the attorneys for the city that, in their opinion, the city was liable for the full amount of the plaintiffs' claim, which then amounted to $11,703.81, and, by them, it was proposed that if the plaintiffs would accept a judgment for $10,563.44—a discount of $1,140.37—such judgment might be entered by agreement. The amount of the compromise was arrived at by a reduction of the rate of interest computable on plaintiffs' demand. Accordingly, findings of fact and judgment were drafted, and, when presented to the trial judge, it was to the court made clear that an agreement has been reached as above stated. Consistent with the agreement of the attorneys for both parties, the judgment provided for a recovery on the part of plaintiffs of $10,563.44 and also purported to authorize the defendant city to reassess the properties affected by the local improvement, and that it be subrogated to any rights of plaintiffs under certificates of such assessment.

Although the judgment in this case purports to be based upon trial and findings of fact and conclusions of law, and makes no reference to the consent or agreement of the parties, the evidence before us on this motion establishes that it was on account of the agreement of the attorneys, expressed in open court, that the trial judge was led to sign the findings and decree, and it is also made to appear that, save for the oral stipulation, the court would have felt obliged under the evidence to have entered judgment in favor of plaintiffs for the total amount demanded in their complaint, and would not have felt justified in entering a judgment which might purport to authorize reassessment.

The defendant city has taken this appeal. The respondents, who were the plaintiffs below, move to dismiss, and claim that the appellant is estopped or barred from maintaining the appeal on account of the facts with respect to the entry of the judgment by consent or in compromise, as above shown.

■■ It is a general rule that a judgment entered by consent may not be complained of on appeal by the parties to it, and that an appeal therefrom will be dismissed on motion. Hibernia, etc., Society v. Waymire, 152 Cal. 296, 92 P. 645, 646; Clemens v. Gregg, 34 Cal. App. 245, 167 P. 294, 296; Corby v. Abbott, 28 Mont. 523, 73 P. 120; Schoren v. Schoren, 110 Or. 272, 214 P. 885,

222 P. 1096, 1097; Interior Securities Co. v. Campbell, 55 Mont. 459, 178 P. 582, 584.

■ But this rule proceeds from the premise that such a judgment is in the nature of a contract. If the appellant in this case is estopped to maintain this appeal, it is on account of its contract or of a proceeding of contractual nature pursued by its attorneys in the court below. To say whether the appellant, a municipality, is estopped to take this appeal, is to declare whether it has been obligated to the stipulation or agreement of its attorneys for the entry of the judgment by consent. We are satisfied that: "A municipal corporation under proper circumstances may consent to a judgment against itself." 3 Bancroft's Code Prac. § 1787, p. 2341. And it may be stated as a general rule that: "Municipal corporations are bound by the acts of their attorneys precisely the same as private corporations or individuals would be, and in the absence of fraud or collusion on their part attorneys have power to bind their clients, including municipal corporations, by consenting to judgments or decrees." Salt Lake City v. Salt Lake Inv. Co., 43 Utah 181, 134 P. 603, 607.

■ Yet these rules must be qualified to the effect that city officials or representatives cannot consent to a judgment upon a claim which the city cannot lawfully contract to pay. State v. De Mattos, 88 Wash. 35, 152 P. 721, 724; State v. Great. N. Ry. Co., 134 Minn. 249, 158 N. W. 972, 975; Kelley v. Mayor of Milan, 127 U. S. 139, 8 S. Ct. 1101, 32 L. Ed. 77, 85; Kane & Co. v. Indep. School-Dist., 82 Iowa 5, 47 N. W. 1076, 1077. In City of St. Paul v. C., etc., Ry. Co., 139 Minn. 322, 166 N. W. 335, 336, the Minnesota Supreme Court stated that: "A judgment against a municipality, not rendered as the judicial act of a court, but entered pursuant to a stipulation of the officers of the municipality, is of force and effect only so far as such officers had authority to bind the municipality. The fact that by consent of the municipal officers an agreement or stipulation made by them has been put in the form of a judgment, in an attempt to give it the force and effect of a judgment, does not cure a lack of power in the officers to make it, and if such power be lacking the judgment as well as the stipulation is void." In Union Bank v. Commissioners of Oxford, 119 N. C. 214, 25 S. E. 966, 969, 34 L. R. A. 487, 490, the North Carolina court states the rule thus: "Consent judgments are, in

effect, merely contracts of parties, acknowledged in open court and ordered to be recorded. As such they bind the parties themselves thereto as fully as other judgments; but, when parties act in a representative capacity, such judgments do not bind the cestuis que trustent unless the trustees had authority to act; and when * * * the parties to the action, the town authorities, had, as appears above, no authority to issue the bonds, their honest belief, however great, that they had such power, would not authorize them to acquire such power, and bind the town by consenting to a judgment. It is not a question of a fraudulent judgment, but a void judgment from want of authority to consent to a decree to bind principals (the taxpayers) for whom they had no authority to create an indebtedness by consenting to a judgment any more than they would have had by issuing bonds." See, also, State v. Great N. Ry. Co., 134 Minn. 249, 158 N. W. 972, 975.

■ Whether the contract for or consent to the entry of the judgment below against the appellant city is valid or binding (to thus become effective as an estoppel against a right to maintain this appeal) must, therefore, take the form of a question whether the city was liable for the debt sued upon; for if the claim was lawful, it was entirely appropriate for the city officials or attorneys to enter into a judgment for an amount less than the actual debt. We may well say, with the Colorado Supreme Court (Sweet v. Denver, etc., Co., 59 Colo. 131, 147 P. 669, 670), that: "Under such circumstances we fail to apprehend where the commissioners, knowing the obligations to be just and binding against the county, were at fault or guilty of the slightest wrong in consenting to the entry of judgment thereon. That was, in our opinion, in view of the facts, an entirely competent, proper and fit thing for the board to have done. We have yet to learn that there is any iniquity in consenting to a judgment upon just and valid obligations, whether by an individual on his own account, or by a managing board on account of a municipality. People ex rel. v. Rio Grande County, 11 Colo. App. 124, 52 P. 784; Chaffee v. Granger, 6 Mich. 51." See also Rankin v. Chariton, 160 Iowa 265, 139 N. W. 560, 562, 141 N. W. 424.

Taking plaintiffs' cause of action as described in the motion papers before us and the facts presented without denial, it is clear that the invalidity of assessment certificates which the city at-

tempted to issue the plaintiffs, on account of the performance of their contract, was due to a failure on the part of the officials of the city to comply with the law with respect to the making of the assessments. Consistent with the principles applied in Freese v. Pierre, 37 S. D. 433, 441, 158 N. W. 1013, it must be held that the plaintiffs were entitled to recover judgment for the amount of their contract and interest.

In short, the attorneys who represented the appellant city in the court below, and there acted in the presence and with the counsel of the city's mayor and other officials, appear to have consented to the entry of a judgment for a less sum of money than was actually due from the municipality as they and the trial judge accurately believed. For these reasons, and in so far as the trial judge fixed the amount which plaintiffs should recover from the city, it must follow that the agreement for judgment was valid and that the motion to dismiss the appeal should be sustained.

In so far as the appeal may be considered as taken from that part of the judgment which provides for permission in the city to make a reassessment against the properties affected by the work it should, likewise, be dismissed. The provision was inserted in the judgment at the request of and for the supposed benefit of the defendant city, upon the theory that it would succeed to any rights of plaintiffs in the certificates to be issued on reassessment. There is no intimation here that the city (as distinguished from the property owners who are not parties to this action) desires to be relieved from these *permissive* clauses in the judgment by review on appeal or otherwise. Nor may the agreement for entry of judgment, in this behalf, be considered void because it does not appear that any rights of the city were thereby granted or conceded away. So far as concerns the parties to this action, this feature of the consent decree was not beyond the power of the city's officials and attorneys. Hence, the estoppel applies against an appeal from this portion of the judgment, as well as from that portion which fixes the liability of the defendant municipality.

The motion to dismiss the appeal is granted.

SHERWOOD, P. J., and CAMPBELL, BURCH, and BROWN, JJ., concur.

POLLEY, J., not sitting.