## WESTERN MATERIAL COMPANY, Appellant, v. GRANT COUNTY, Respondent.

### (248 N. W. 493.)

(File No. 7269. Opinion filed May 15, 1933.)

*Bailey & Voorhees,* of Sioux Falls, and *Robert D. Jones,* of Milbank, for Appellant.

*P. F. Loucks,* of Watertown, for Respondent.

RUDOLPH, P. J. On March 2, 1929, the county commissioners of the defendant, Grant county, ordered of the plaintiff, Western Materials Company, a rotary snow plow, which was thereafter delivered. The plow was accepted by Grant county and used at least nine days during the year 1929, and a partial payment was made thereon. Payment of the balance was refused, and an action was started to recover. To the original complaint the defendant, by its state's attorney, filed a demurrer. The plaintiff then served an amended complaint, and the state's attorney filed a demurrer to the amended complaint. A hearing was had upon the demurrer, and the demurrer was overruled, and the county then filed an answer to the amended complaint. The case was called for trial at the regular October term of the circuit court of Grant county. Two of the county commissioners of Grant county were in the courthouse just prior to the time the case was called for trial, and, after a consultation between them and the state's attorney, they each advised the state's attorney "to use his own judgment in the matter." The state's attorney then appeared before the court and entered into a stipulation with opposing counsel to

the effect that the plaintiff might take judgment against the defendant for the principal amount alleged to be due, which, it was stipulated, was not to be paid by the county until January 1, 1931. If not paid on January 1, 1931, the principal amount was to draw interest at the rate of 7 per cent per annum. All interest up to January 1, 1931, was waived by the plaintiff. This stipulation was reduced to writing, signed by the state's attorney and the attorneys for the plaintiff, and thereafter, on October 27, 1930, the court entered judgment based upon this stipulation. Some time prior to February 11, 1931, one of the county commissioners had read in some trade journal of the case in which he thought the facts recited were similar to the facts involved in the purchase of the snow plow in this case. This commissioner, together with the other commissioners, then consulted the attorney here appearing for Grant county, Hon. Perry F. Loucks. "And after considerable investigation of the authorities, the said board of county commissioners of Grant County, South Dakota, was advised by the said Perry F. Loucks that in his opinion they had a valid and complete defense to the claim of the plaintiff." On February 11, 1931, an application to have the judgment set aside was made to a judge of the circuit court, other than the judge who had signed the original judgment, and, after a hearing on this application, an order was entered on the 1st day of April, 1931, vacating the original judgment. This is an appeal from that order.

In the first place, we do not believe it material that the county commissioners did not, by formal action of that board, authorize the state's attorney to enter into the stipulation for judgment. This court in the case of Coolsaet v. City of Veblen, 55 S. D. 485, 226 N. W. 726, 728, 67 A. L. R. 1499, quoted with approval the following: "Municipal corporations are bound by the acts of their attorneys precisely the same as private corporations or individuals would be, and in the absence of fraud or collusion on their part attorneys have power to bind their clients, including municipal corporations, by consenting to judgments or decrees."

In this case there is no contention that there was any fraud or collusion on the part of the state's attorney in entering into this stipulation for judgment. It is conceded by the respondent that the state's attorney was acting in good faith and in an honest belief that the county was liable.

Respondent contends, however, that the authority of the state's attorney to stipulate for judgment is no greater than that of the county commissioners, and the nature of the claim in this case is such that, under the rule announced in the Coolsaet v. City of Veblen Case, supra, the county commissioners could not consent to a judgment, because (it is contended by respondent) the claim is one which the county could not lawfully contract to pay. Conceding (without deciding) that the authority of the state's attorney to enter into the stipulation in this case was no greater than the authority of the county commissioners, nevertheless we do not believe the facts here presented establish that the county commissioners could not have stipulated for judgment under the rule of the Coolsaet Case.

The most that can be said, respecting the nonliability of the county in this case, is that it is questionable depending upon the proof of certain facts. This is admitted by respondent in its brief when it says on page 96 thereof: "There is no question but that there is an issue of fact to be tried in this case."

The state's attorney, after investigating the facts, concluded that the county was liable. Mr. Loucks, after investigating the facts, has concluded that the county is not liable. Under these circumstances, we do not believe that it can be said that this case is within the meaning of the rule announced in the Coolsaet Case.

In the case of State v. Davis, 11 S. D. 111, 75 N. W. 897, 898, 74 Am. St. Rep. 780, we have a situation very similar to that presented in this case. There the county had obtained a judgment in an amount of $300. The court said: "Where the debtor is solvent, the board cannot without fraud thus discharge an obligation concerning the validity of which there is no question."

But the court did not proceed to go into the question of the merits and decide whether the debtor was in fact solvent, or decide the validity of the claim. It was sufficient in that case that other reputable counsel than the state's attorney had advised the commissioners that the claim was of doubtful validity, and that the commissioners doubted the solvency of the debtor. Upon this basis the court sustained a compromise in the amount of $100, which the commissioners accepted in satisfaction of the $300 judgment.

In this case the court could not, if it so desired, pass upon the validity of the claim against the county. Certain facts which are in

dispute must first be determined. The state's attorney investigated these facts and decided the county was liable. Thereafter, acting in good faith, and with full information, the state's attorney stipulated for judgment, which was duly entered. We do not believe this judgment should be disturbed. We believe the following words of the Utah court in the case of Salt Lake City v. Salt Lake Inv. Co., 43 Utah, 181, 134 P. 603, 608, are applicable. "Again, if it were once judicially determined that a party to an action could, for the reasons stated in the complaint, repudiate the authority of his attorneys and escape from the consequences of their admissions made during the progress of the cause, there would be no end to litigation. Just so long as a party could employ other lawyers to represent him, he would refuse to be bound by the acts of those he had employed before, in case he was dissatisfied with such acts."

The order appealed from is reversed.

POLLEY, CAMPBELL, and WARREN, JJ., concur.

ROBERTS, J., dissents.