MELLETTE COUNTY, Appellant v. ARNOLD et al., Respondents

(75 N.W.2d 641)

(File No. 9408. Opinion filed March 28, 1956)

**G. F. Johnson,** Gregory, for Plaintiff-Appellant.

**C. E. Kell,** White River, **Harold P. Gilchrist,** Kadoka, **John W. Larson,** and **M. Q. Sharpe,** Kennebec, for defendants-Respondents.

ROBERTS, P. J. The complaint is in the usual form in a statutory action to determine adverse claims to real property. It alleges that Mellette County is the owner in fee of the twenty-five tracts described in the complaint. Plaintiff prays that defendants be required to set forth all their adverse claims to the land; that defendants be decreed to have no interest or estate in, or lien or encumbrance upon, said land; that title be quieted in the plaintiff; and that defendants be forever barred from asserting any interest or estate therein.

The defendants Thomas Arnold, Edward M. Arnold, Frances Mullen and Rosamond Turnes filed an answer denying the allegations of the complaint and with more particularity than we need recite here allege that in September, 1948, in three actions wherein Frances Mullen and Rosamond Turnes were plaintiffs and Mellette County was a defendant judgments were entered decreeing that any and all right, title and interest in and to the land described in the complaint was transferred, conveyed and assigned by Mellette County to the plaintiffs; that in lieu of such transfers the plaintiffs relinquish title to certain lands involved in

the quieting title actions to various persons to whom Mellette County claiming title by virtue of tax deeds had contracted to sell such land, but that such tax deeds were void; that judgment in each of the three actions was entered pursuant to a stipulation of the parties for the purpose of avoiding extended litigation and enabling Mellette County to render performance according to the terms of the several sale contracts; that the three judgments were duly filed in the office of the clerk of courts of Mellette County and written notices of the filing thereof were given to the county and its attorneys; that the judgments have been fully performed and satisfied; and that more than three years having elapsed since their completion and satisfaction, Mellette County is barred because of laches from invoking equitable relief.

The trial court in the instant case determined that the adverse claims of the county had been litigated and adjudicated in the prior actions and that the judgments therein are conclusive as to the rights of the parties; that more than three years having elapsed since rendition of the judgments and performance of their terms and conditions by the parties and retention of payments received by the county in settlement, the county is now estopped from asserting title to the lands here in controversy; that there was no fraud, collusion or bad faith of any kind involved in the 1948 actions; that the judgments in the said actions were duly rendered by the Circuit Court of Mellette County having jurisdiction of the parties and the subject matter; and that the judgments have become final. Plaintiff county appeals.

█ The defendants urge that the former judgments are res judicata of all issues involved in the present action. The position of plaintiff county is that since the judgments show that they were the result of a compromise which the county officers had no authority to negotiate and not of the deliberation of the court upon contested issues the judgments are not res judicata. Freeman on Judgments (5th Ed., § 511) says in substance that if a consent judgment is entered as to a matter with respect to which public officers had no authority to bind the public it is not res judicata. Thus in City of St. Paul v. Chicago, St. P. M. & O. Ry. Co., 139 Minn.

322, 166 N.W. 335, a judgment entered upon a stipulation that a railway company was under no obligation to repair a bridge over its tracks did not bar a subsequent action by the city to compel the company to repair the bridge since the subject matter could not be removed from the domain of the police power by consent and judgment. It was said in Coolsaet v. City of Veblen, 55 S.D. 485, 226 N.W. 726, 728, 67 A.L.R. 1499, quoting from Union Bank of Richmond v. Commissioners of Town of Oxford, 119 N.C. 214, 25 S.E. 966, 969, 34 L.R.A. 487: " 'Consent judgments are, in effect, merely contracts of parties, acknowledged in open court, and ordered to be recorded. As such they bind the parties themselves thereto as fully as other judgments; but, when parties act in a representative capacity, such judgments do not bind the cestuis que trustent unless the trustees had authority to act.' " Hence, a consent judgment in which officials representing a county or other governmental agency assume obligations against it unauthorized by law is void. The judgment is not res judicata of the authority of officers to consent.

See also Lawrence Manufacturing Co. v. Janesville Cotton Mills, 138 U.S. 552, 11 S.Ct. 402, 34 L.Ed. 1005; Green v. Hutsonville Tp. High School Dist., 356 Ill. 216, 190 N.E. 267; Kane & Co. v. Independent School Dist., 82 Iowa 5, 47 N.W. 1076; Warren v. Stanton County, 145 Neb. 220, 15 N.W.2d 757; Annotations, 67 A.L.R. 1503, 86 A.L.R. 84.

 It is conceded that counsel for the county with the consent and in the presence of the members of the county board entered into the stipulations in open court and agreed to the entry of the judgments in the prior actions. The controlling question is whether or not there was authority to bind the county by such agreements. A county or other governmental agency cannot be bound for acts of its officers and agents in excess of its powers or in violation of positive law. Such is the implication of the holding of this court in Stockwell v. City of Sioux Falls, 68 S.D. 157, 299 N.W. 453, There is a broad distinction between an irregular exercise of a granted power and a total absence of power. Treadway v. Schnauber, 1 Dak. 236, 46 N.W. 464; 31 C.J.S., Estoppel, § 144. When an act or contract is beyond the power con-

ferred upon a county, it cannot be estopped. When, however, a county has power to act, it may be estopped by the acts of its agents although the method of exercising the power was irregular. Missouri River Telephone Co. v. City of Mitchell, 22 S.D. 191, 116 N.W. 67. What was done in the prior actions was neither ultra vires nor prohibited. The legislature in 1939 enacted a comprehensive statute providing for the classification, leasing and sale of lands owned by counties. Chap. 25, Laws 1939. The statute was enacted primarily to provide for the management, leasing and sale of lands acquired by tax deeds. This statute was amended by Section 2, Chap. 38, Laws 1941, SDC Supp. 12.3409, to authorize counties "to exchange by transfer of title or lease scattered and isolated tracts and sections of county owned lands for other public or private lands of like character in value, and to execute proper conveyances or leases thereof, in manner and form as provided by existing laws, but without the necessity of complying with any statute requiring advertising, notice or appraisement, and to accept in return therefor a proper instrument of conveyance to the county of lands for which such lands are exchanged." The lands described in the complaint herein were isolated tracts to which the county acquired title by tax deeds. It is not claimed that the lands exchanged for these tracts were not of like character and value or that the county was deceived into agreeing to the exchange or was overreached in any manner. We need not determine whether consent of the county commissioners to entry of the judgment should have been evidenced by resolution or other formal action. A consent judgment being in the nature of a contract constitutes in the absence of fraud or mistake a waiver of errors and irregularities. Coolsaet v. City of Veblen, supra; Western Material Co. v. Grant County, 61 S.D. 308, 248 N.W. 493.

It is also contended that the parties could not confer by consent jurisdiction of the land here in controversy in the prior actions commenced for the purpose of quieting title to other lands. Reliance is placed upon the principle that parties cannot by consent confer jurisdiction of subject matter. Jurisdiction in this sense "is the power to hear and determine cases of the general class to which the pro-

ceedings in question belong". 21 C.J.S., Courts, § 23. "The test for determining jurisdiction is ordinarily the nature of the case, as made by the complaint, and the relief sought." 21 C.J.S., Courts, § 35. In other words, the subject matter over which jurisdiction cannot be thus conferred does not have reference to the res or property involved in the litigation and is not the equivalent of a jurisdiction in rem which may be conferred by consent. The court was vested with jurisdiction to try and determine causes of the class and nature of those invoked and the judgments rendered in the prior actions cannot now be complained of because the court pursuant to the voluntary agreements of the parties granted relief therein as to matters not within the issues. Freeman, Judgments (5th Ed.) § 664.

Judgment appealed from is affirmed.

All the Judges concur.