BADGER , NORTHLAND, INC., Respondent v.
VAN DER BOOM, et al., Appellant

(235 N.W.2d 903)

(File No. 11526. Opinion filed December 5, 1975)

William E. Anderson, Belle Fourche, for plaintiff and respondent.

Grotenhouse & Johnson, Spearfish, for defendant and appellant.

DUNN, Chief Justice.

This appeal is from an order of the circuit court refusing to set aside a judgment against appellant Mildred Van Der Boom which was entered nunc pro tunc and dated June 13, 1972. For some ten years prior to the litigation, appellant's husband, Virgil Van Der Boom, had been buying silage equipment wholesale from plaintiff and selling it retail to customers in and around Newell, South Dakota. Virgil bought the equipment on open account. By 1965 the past due account exceeded $25,000. Plaintiff became insecure and sent its comptroller out to Newell to see if he could get some security for the past due account. He was able to procure from Virgil a promissory note for $26,358.48 and a second mortgage on 280 acres of land. Plaintiff's comptroller assumed that Virgil was the sole owner of the property, but in reality the land was owned by Virgil and appellant as joint tenants with right of survivorship. When plaintiff became aware of this it sought to have both Virgil and defendant sign a promissory note and mortgage. This they refused to do.

On July 28, 1967, plaintiff commenced suit against both Virgil and appellant. Plaintiff alleged fraud on the part of appellant and sought (1) to have the promissory note and mortgage reformed to include appellant's name, (2) a judgment against the defendants in the amount of $26,358.48, and (3) foreclosure of the mortgage on the property. Trial of the case was commenced in the circuit court on May 12, 1970. At the trial plaintiff put in some of its evidence; however, for some reason not revealed by the record, the trial was recessed and no further testimony was taken. Finally, on September 5, 1972, the parties by their attorneys entered into a stipulation assessing certain costs against defendants, giving plaintiff judgment in the amount of $21,000, allowing certain evidence to be introduced without foundation, waiving defendants' right to notice on plaintiff's

motion for judgment, and waiving findings of fact and conclusions of law. On September 8, 1972, plaintiff moved for judgment and judgment was entered nunc pro tunc giving plaintiff judgment against both appellant and Virgil and ordering that the mortgage be foreclosed and the land sold if the judgment was not satisfied by a specified date. Appellant then retained new counsel, and on October 27, 1972, moved that the judgment against her be set aside. This motion was denied by the court on June 4, 1974, and this appeal followed.

■ We state here that effective appellate review is only possible when the trial court and the attorneys conduct all proceedings on the record. Neither counsel made any attempt to present the full story on the record. There are indications of and reference to many conversations and agreements which do not appear in the transcript. The record is scanty and contains gaps which are inexcusable. We can only deal with what is before the court on this appeal. With this in mind, we consider appellant's argument that the judgment was entered against her through inadvertence and excusable neglect of counsel.

The judgment in this case came about as a result of the written stipulation entered into by the attorneys for the parties. It is clear that after the trial was recessed the attorney for plaintiff made numerous attempts to get the trial resumed. Each time, appellant's attorney would manage to secure a delay.

■ The general rule in cases of this type is that a judgment based upon the stipulation of the parties cannot be reviewed by an appellate court. As is stated in Annot. 69 A.L.R.2d at 764, "* * * the authorities are nearly unanimous in holding that, subject to limitations to be discussed hereafter, a consent judgment is not subject to appellate review." We have adopted and followed this rule in South Dakota. *See Coolsaet v. City of Veblen*, 1929, 55 S.D. 485, 226 N.W. 726; *Western Material Company v. Grant County*, 1933, 61 S.D. 308, 248 N.W. 493. At first blush, then, it would seem that a summary affirmance or dismissal of the appeal would be in order.

■ However, there are several exceptions to the above quoted rule. We feel that one is appropriate here. "Even though

a judgment purports to be a consent judgment, the question whether the judgment, in its terms, deviates from the terms of the agreement or stipulation of the parties is open for review on appeal." Annot. 69 A.L.R.2d at 795. See also *Bryan v. Reynolds,* 1956, 143 Conn. 456, 123 A.2d 192, and *Strode v. Miller,* 1900, 7 Idaho 16, 59 P. 893. After closely considering both, we find that the judgment of the circuit court in this case deviates substantially from the written stipulation of the parties. Here the problem with the sparse record really arises. The stipulation itself is poorly written and is quite ambiguous. It is obvious that some compromise was involved because the agreed judgment is for $21,000 rather than the $26,000 plus which was in the original prayer for relief. The language of the stipulation does not, however, state specifically that judgment should be entered against both Virgil Van Der Boom and the appellant. It only says that plaintiff shall have judgment for $21,000. Still more significant, the stipulation does not make any reference to the proposed reformation of the promissory note and mortgage to include the name of the appellant. No facts are stipulated which would sustain either plaintiff's first or third cause of action alleging mistake of fact or false representation of appellant which would require reformation of the note and mortgage.* The stipulation makes only oblique reference to the foreclosure of the mortgage and the sale of the land, and does not state that all parties agree that the mortgage should be foreclosed and the land sold. In short, we cannot discern the intent of the parties in entering into this stipulation, and we cannot justify the judgment based on the stipulation.

In contrast to the stipulation, the judgment of the trial court is very specific and very far-reaching. Not only does plaintiff get a judgment in the amount of $21,000 plus costs against both defendants, but the court also orders foreclosure of the mortgage and the sale of the property. The court does not mention the reformation of any of the documents involved. Since the stipulation is ambiguous and the judgment deviates from it in some significant respects, we hold that it is subject to our review.

---

* Nor does the scanty record reveal any fact upon which the court could find that the note and mortgage should be reformed to include the appellant.

■ We think that this judgment was entered due to the inadvertence and excusable neglect of appellant's first attorney. Her attorney waived the notice of plaintiff's motion for judgment as part of the stipulation. By doing so, he was not present when the judgment was applied for and therefore could make no objection when the court entered judgment which did not conform to the matters stipulated. In his waiving of notice of judgment, appellant's attorney may have been justified in assuming that any judgment would not go beyond the stipulation which had been hammered out in the presence of the court and in the presence of the attorneys for the parties. Thus, while it indicates neglect, we find it to be excusable neglect justifying relief under SDCL 15-6-60(b)(1). We have previously held that the term, "excusable neglect,"

"* * * has no fixed meaning. The question must be determined from the facts and circumstances presented in each case. The statute does give trial courts a wide discretion but it has also been established since statehood, at least, that the power given trial courts by statute should 'be exercised by them in the same liberal spirit in which the section was designed, in furtherance of justice and in order that cases may be tried and disposed of upon their merits.' *Griswold Linseed Oil Co. v. Lee*, 1 S.D. 531, 47 N.W. 955, 957. See also *Gubele v. Methodist Deaconess Hospital*, 55 S.D. 100, 225 N.W. 57." *Gunvordahl v. Knight*, 1951, 73 S.D. 638 at 640, 47 N.W.2d 561 at 562.

■ After considering all of the facts and circumstances of the instant case, we conclude that the trial court abused its discretion in refusing to set aside the judgment as to the appellant. Accordingly, we reverse and remand this case to the circuit court for trial on the issue of appellant's liability and the right to foreclose appellant's interest in the property.

All the Justices concur.