COLLOTON, Circuit Judge,
concurring in the judgment.
Under South Dakota law, “a county may lease its county-owned property,” and “any such lease shall be for a term and upon the conditions provided by resolution of the governing body.” S.D.C.L. § 7-18-31. If a county “decides” to lease any county-owned property for a term exceeding one hundred twenty days and for “an amount exceeding five hundred dollars .annual value,” then it shall conduct a public hearing before authorizing the lease. S.D.C.L. § 7-18-32. The public hearing statute is easily applied to a lease that calls for a fixed amount of consideration. If a twelve-month lease calls for payment of $1000 per year, then the county shall hold a public hearing before authorizing the lease. This case, however, involves a contingent lease, where the amount to be paid depends entirely on the occurrence of a future event that is indeterminate when the lease is authorized. The principal questions presented on appeal are how the statute should apply to this situation, and whether a failure to conduct a public hearing, if required, voids the lease.
The text of the statute is unclear in its application to a contingent lease, but I am doubtful about the majority’s decision to make the requirement of a hearing dependent on the “fair market value” of county-owned property. The proposed interpretation raises complicated evidentiary problems for the citizenry, and it can lead to unreasonable results for a county seeking *552 to comply with the statute. “Fair market value” typically means “the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts.” United States v. Cartwright, 411 U.S. 546, 551, 93 S.Ct. 1713, 36 L.Ed.2d 528 (1973) (quoting Treas. Reg. § 20.2031-2(b)) (emphasis added). In this very case, it is alleged that Ron Frithiof had knowledge of relevant facts and had a duty to disclose these facts to the county, but that he withheld them until after the lease was authorized. If this allegation is proved, then the majority’s interpretation of § 7-18-32 would result in a finding that the county violated the public hearing statute because the “fair market value” of the lease exceeded $500 per annum at the time it was entered — even though the county had no knowledge of this value. I hesitate to ascribe this intention to the legislature.
There is a reasonable argument, given the ambiguous text and the evident statutory purposes, that a county should be required to conduct a public hearing whenever it decides to enter into a lease that calls for payment of an amount exceeding $500 per year, if certain future contingencies are met. Cf. ante at 548. In that case, the decision to accept consideration in excess of $500 has been made, and there is no further opportunity for public hearing or comment before that decision is executed. Ultimately, however, I conclude that it is unnecessary to decide whether the public hearing requirement technically applied in these circumstances. Under South Dakota law, even assuming the county did err by entering into the lease without a public hearing under § 7-18-32, that failure does not automatically void a lease that is authorized by the governing body.
South Dakota recognizes a “broad distinction between an irregular exercise of a granted power and a total absence of power.” Mellette County v. Arnold, 76 S.D. 210, 75 N.W.2d 641, 643 (S.D.1956). When a county has “power to act, it may be estopped by the acts of its agents although the method of exercising the power was irregular.” Id.; Mo. River Tel. Co. v. City of Mitchell, 22 S.D. 191, 116 N.W. 67, 70 (S.D.1908). The distinction between an irregular exercise of power and a total absence of power in this context raises essentially a question of legislative intention: “Are the conditions made prerequisite to the very existence of the power — a limitation on the power itself?” Summers Cottage Ass’n v. Cape May, 19 N.J. 493, 117 A.2d 585, 591 (N.J.1955).
Although this question, like the meaning of § 7-18-32, is not free from doubt, the better view appears to be that the authorization of a lease without an advance public hearing amounts to an irregular exercise of a power granted to counties in South Dakota. There is no question that counties have authority to lease county-owned property. S.D.C.L. § 7-8-31. The procedural requirement of a public hearing for certain leases is codified separately, and the legislature has not seen fit to provide — as it has in other situations — that an irregularity in procedure renders a lease null and void. Cf. S.D.C.L. § 5-18-19 (“It shall be unlawful for any public corporation or its officers to enter into any contract in violation of the terms of this chapter or chapter 5-21, and any such contract entered into shall be null and void and of no force and effect.”); Bozied v. City of Brookings, 638 N.W.2d 264, 269-70 (S.D.2001) (holding that change order was void where city failed to comply with public bidding requirements of § 5-18-19). Therefore, assuming § 7-18-32 applied to this lease, I believe the county’s entry into the disputed lease was not undertaken *553 with a “total absence of power,” Mellette County, 75 N.W.2d at 643, and that the county “may be estopped to deny the validity of a [lease] that it has led others to believe was legally adopted.” Mo. River Tel. Co., 116 N.W. at 70.
For these reasons, I concur in the judgment and agree that the case should be remanded for further proceedings on the county’s other claims against the appellants.