[Civ. No. 328. Second Appellate District.—March 18, 1907.]

GERMAN SAVINGS AND LOAN SOCIETY, Appellant, v. MARION ALDRICH, City Treasurer, etc., O. NELSON, and SANTA BARBARA COUNTY NATIONAL BANK, Respondents.

Preliminary Injunction—Limit of Continuance—Construction of Amendment to Code.—The amendment of 1895 to section 527 of the Code of Civil Procedure, fixing the limit of twelve months beyond which a preliminary injunction will cease to operate if certain conditions do not exist, applies equally, whether the injunction is granted after notice or *ex parte,* and involves no question of remedy by appeal, or of *res adjudicata.* At the expiration of the twelve months, if the conditions stated do not apply, the injunction becomes inoperative and the parties beneficially interested are entitled to have the court so declare.

Id.—Proper Exercise of Jurisdiction.—It is a proper exercise of the court's jurisdiction to ascertain and find the facts as to the conditions; and declare by its order that the injunction is no longer in force, if the facts warrant such deduction. The only thing before the court is the ascertainment of the facts upon which the right depends.

APPEAL from an order of the Superior Court of San Bernardino County, dissolving a preliminary injunction. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

R. M. F. Soto, for Appellant.

Hunsaker & Britt, for Respondents.

TAGGART, J.—This is an appeal from an order dissolving a preliminary injunction.

The injunction was granted upon notice and service of an order to show cause regularly made. The order dissolving the injunction was also made upon motions separately filed by each of the defendants after hearing duly noticed.

The sole ground of each of the motions was the delay in bringing on the cause for trial on its merits. The notices of motion specify, and the affidavits in support of them aver, that the injunction was granted prior to the trial of said action; that the same has continued in force for a longer period than twelve months from the time it was granted; that the parties to said action have not consented that the same shall continue in force for a longer period than "six months," in one case, and in the other, "any period of time, or at all"; and that the said action has not been set for trial on its merits. Both notices and affidavits follow the language of the amendment of section 527 of the Code of Civil Procedure made in 1895.

Appellant contends that the preliminary injunction having been granted after hearing, the court was without power to dissolve the same; that the matter was *res adjudicata;* that the only remedy was by appeal from the order granting the injunction; that, assuming the court had the power to dissolve, this could be exercised only upon new matter or evidence arising since the granting of the injunction; and that the amendment of section 527, Code of Civil Procedure, must be limited in its application to a preliminary injunction granted *ex parte*, where no motion either to dissolve or modify such injunction has been made or denied.

The determination of these contentions depends solely upon a construction of the amendment of section 527, and so far as we are aware, it has not been construed by any appellate court. A cardinal rule of interpretation is that a statute free from ambiguity and uncertainty needs no interpretation. This must be so, for all interpretation and construction is for the purpose of ascertaining the legislative will. When this is clear, interpretation is not allowable. (*Davis* v. *Hart,* 123 Cal. 387, [55 Pac. 1060].)

Section 527, Code of Civil Procedure, as it originally stood, provided at what time a provisional injunction might be granted, and what was required to obtain it.   By the amendment of 1895 a limit was fixed, beyond which a provisional injunction would not be operative, if granted before the actual trial of the cause wherein it was granted.   This limitation was placed at twelve months from the time the injunction was granted.   Two exceptions were made to the operation of the amendment, those cases in which the injunction is continued for a longer period by consent of the parties, and those in which the cause has been set for trial upon its merits before the period of limitation expires.

It was not intended by the framers of the amendment to provide any *remedy* for the party against whom the injunction runs, and therefore the question of his having a remedy by appeal has no application.

The matter adjudged by the court in making the order complained of is not *res adjudicata.*   When the court made the order it did not review, reconsider, or pass upon the matters determined in granting the injunction.   The expiration of the twelve months, the want of consent on the part of the defendants, and that the cause had not been set for trial on its merits were all the matters before the court.

There is nothing in the language of the amendment to justify any distinction between injunctions granted *ex parte* and those granted after a hearing of all the parties.   The wrong to be remedied by the amendment was the abuse of provisional injunctions obtained before trial of the causes on their merits by using them, through delay of the trial, to serve the purpose of a final judgment.   The remedy given, a limitation of the period of their effectiveness, was as much needed in cases of injunctions granted on hearing as in those granted on *ex parte* application.

The period of twelve months having expired, and the case being neither tried nor set for trial on its merits, the injunction became inoperative, and, upon application to the court, the parties beneficially interested were entitled to have the court so declare.

There is no formal signed order dissolving the injunction in the record.   The minute entry, ''Motion to Dissolve and Vacate Injunction.   Present, Hunsaker & Britt and McKeeby & McKeeby.   Motion granted,'' is all that appears.   It is not

material whether this order be designated an order dissolving an injunction, or an order declaring the dissolution of an injunction by operation of law. The law having declared the writ to be inoperative after a certain time, upon certain conditions, it appears to us to be a proper exercise of the court's jurisdiction to ascertain and find the facts as to the conditions and declare by its order that the injunction is no longer in force, if the facts warrant such a declaration.

The motion that may be made under this amendment is in some respects similar, to the proceeding to declare the termination of a life estate under section 1723, Code of Civil Procedure. The only thing before the court is the ascertainment of the existence of the facts upon which the right depends. (*Matter of Tracey*, 136 Cal. 385, [69 Pac. 20].)

A mere declaration not in form of an order might not be appealable (*Devlin* v. *Rydeberg*, 132 Cal. 324, [64 Pac. 396]), but all parties here have treated the appeal from the order in question as proper, and it has been considered on its merits. The objection that the notice of appeal was not filed in time appears to have been withdrawn by stipulation.

Order affirmed.

Allen, P. J., and Shaw, J., concurred.