Joseph H. LE PIRE and Mary LePire,
Plaintiffs and Respondents,

v.

WORKMEN'S COMPENSATION BUREAU
of North Dakota, Defendant
and Appellant.

No. 7934.

Supreme Court of North Dakota.

Oct. 18, 1961.

Duffy & Haugland, Devils Lake, for plaintiffs and respondents.

Leslie R. Burgum, Atty. Gen., and Lawrence Watson and Paul M. Sand, Asst. Attys. Gen., for defendant and appellant.

STRUTZ, Judge.

This is an action brought by the plaintiffs, Joseph H. LePire and Mary LePire, his wife, for certain benefits under the North Dakota Old Age and Survivor Insurance System, as created by Chapter 320 of the 1947 Session Laws of the State of North Dakota. This chapter established an old age and survivor insurance system for public employees.

The plaintiff Joseph LePire was born on September 4, 1892, and was an employee of the State Land Department of the State of North Dakota at the time this Act went into effect, on July 1, 1947. He continued in such employment until July 15, 1955, when he quit his job with the State.

At the time he terminated his employment, LePire was not eligible for benefits under the Old Age and Survivor Insurance program since he did not have coverage for the number of quarters required by the Act, nor had he reached the age of sixty-five years.

At its 1955 session, the Legislative Assembly of the State of North Dakota enacted Chapter 306, authorizing the transfer of State employees to the Federal Social Security program. This statute became effective on July 1, 1955. The Act provided that if State employees, at a referendum which was to be held pursuant to its terms, should approve such action, the transfer would be made of State employees to such Federal program. A referendum was held on December 20, 1956, at which a majority

of the State employees voted affirmatively, and the transfer of all State employees to the Federal Social Security program became effective on April 23, 1957.

LePire, having previously terminated his employment, on July 15, 1955, was not eligible to vote at the referendum held on December 20, 1956, since he was not then a State employee. Because he was not an employee on April 23, 1957, when all affected State employees were transferred to the Federal Social Security program, he was not transferred to such program with persons who then were State employees.

On September 12, 1957, after the transfer of State employees to the Federal Social Security program, LePire, after having reached the age of sixty-five years, made application to the North Dakota Workmen's Compensation Bureau for benefits under the Old Age and Survivor Insurance System, for both himself and his wife. We shall hereafter refer to this system as OASIS. Since his wife's rights to benefits under OASIS are dependent entirely upon the eligibility of Joseph LePire to benefits, we are limiting our discussion in this decision to his rights to recover.

The plaintiff's application for benefits was denied by the Workmen's Compensation Bureau on the ground that Section 52–0907 of the 1957 Supplement to the North Dakota Revised Code of 1943 provides that no benefits shall be paid under the OASIS program except to persons who were eligible for benefits before the date of transfer of State employees to the Federal Social Security program, on April 23, 1957, and that the applicant must have established his eligibility or at least must have been eligible to receive benefits before that date; that to have been eligible on or before April 23, 1957, LePire must have been fully insured on that date; that is, he must have had the required number of quarters of coverage and he must have reached the age of sixty-five at the time when State employees were transferred to the Social Security program.

On denial of his application, LePire brought this action for such benefits. The trial court entered judgment for the plaintiff, and from such judgment the Workmen's Compensation Bureau has taken this appeal, demanding a trial de novo and a retrial of all of the issues involved.

The appellant has raised the question of jurisdiction of the district court to hear this action, pointing out that Section 52–0917 of the 1957 Supplement, Subsection C(5), provides that decisions of the Workmen's Compensation Bureau shall be reviewable in the district court. Appellant points out that a new action was started by summons and complaint, and raises the question of jurisdiction of the district court to hear such action.

The trial court clearly regarded this proceeding as a review of the Bureau's decision in the matter, since the trial court, in its findings, stated:

"* * * the said matter was submitted to the Court upon the record made before the Workmen's Compensation Commission, * * *"

No testimony was taken in the district court, and the only facts before the court were those in the record made before the Bureau. We do not believe that there is any merit to the objection of the appellant on ground of lack of jurisdiction, especially since no objection was made by the appellant to this procedure in the district court.

The sole question before us on this appeal is whether, under the facts set forth, the respondent Joseph LePire is entitled to benefits under OASIS.

The specific provision of statutes applicable to the question before us is Chapter 329 of the 1957 Session Laws. This chapter amended 52–0907 of the 1953 Supplement to the North Dakota Revised Code of 1943 and provided that moneys in the OASIS fund should be used only for the payment of claims for benefits under the

Old Age and Survivor Insurance System and that, after the execution date of the agreement with the United States transferring State employees to the Federal Social Security program, which date was April 23, 1957, no benefits should be paid out of the OASIS fund except to:

"Persons who are receiving benefit payments or are entitled to benefit payments, under Section 52–0914, by virtue of death or retirement occurring before such agreement execution date. After such agreement execution date, no quarters of coverage * * * may be accrued."

To be entitled to benefit payments under Section 52–0914, an individual had to be, on the agreement execution date, April 23, 1957,

1. Fully insured; that is, he must have had the required number of quarters of coverage;

2. Sixty-five years of age; and

3. He must have filed an application for primary insurance coverage.

To have been fully insured on April 23, 1957, the respondent must have had not less than one quarter of coverage for each two of the quarters elapsed after July 1, 1947, and up to but excluding the quarter in which he retired after he had attained the age of sixty-five years; or he must have had at least forty quarters of coverage. Sec. 52–0920, subd. F(1) & (2), 1957 Supp., N.D.R.C. 1943.

Thus the statute clearly provides that no payments are to be made out of the OASIS fund except to persons who were receiving or who were entitled to receive benefit payments by virtue of death or retirement before the agreement execution date, April 23, 1957. The applicant Joseph LePire was not receiving benefits on that date and, to have been entitled to such benefits before the execution date, he would have had to be fully insured, as above defined, at the time of his retirement and he would have

had to be sixty-five years old prior to April 23, 1957.

But, it will be contended, both parties agreed in the district court that LePire was fully insured. They entered into a stipulation that LePire was a fully insured individual, and the trial court based his finding that LePire was a fully insured individual on such agreement between the parties. In his memorandum opinion, the trial court says:

"* * * it is conceded that Le-Pire, at the date of his retirement and at all times material herein, was a fully insured individual * * *."

As we heretofore have pointed out, to have been a "fully insured individual" under the statute, the plaintiff must have had forty quarters of coverage, or one quarter of coverage for each two quarters elapsing after July 1, 1947, and up to but excluding the quarter in which he retired "after he had attained the age of sixty-five, or died."

When LePire retired, it is conceded that he did not have the forty quarters of coverage. It is further conceded that, at the time he retired, he had not reached the age of sixty-five. Under the provisions of the statute, therefore, he was not fully insured even though both parties stipulated that he was a fully insured individual.

What is the legal effect of a stipulation by which counsel agree that a statute means something other than what its language clearly provides? In other words, could the Assistant Attorney General in this case stipulate that respondent was "fully insured" when he clearly did not qualify as a fully insured individual under the law?

In this case, there is no question of fact for the court to determine. All of the parties agree that the respondent did not have forty quarters of coverage and that he was not sixty-five years of age when he retired. Thus the material facts are not disputed. We must determine, however, whether this court is bound by the stipulation of counsel that the respondent was "fully insured."

■ This is not a matter in which two private litigants alone have an interest. Here, the Workmen's Compensation Bureau is acting as a trustee of public funds, and as such trustee it is duty-bound to protect such funds against every demand which is not legally enforceable. Under similar circumstances, it has been held that a municipality cannot consent to a judgment against itself upon a claim which it cannot lawfully contract to pay. McQuillin on Municipal Corporations, Vol. 17, Sec. 49.38, p. 247.

In the case of Coolsaet v. City of Veblen, 55 S.D. 485, 226 N.W. 726, 67 A.L.R. 1499, the South Dakota Supreme Court held that city officials or representatives cannot consent to a judgment upon a claim which the city could not lawfully contract to pay.

The Illinois Supreme Court, in the case of Indiana Harbor Belt R. Co. v. Calumet City, 391 Ill. 280, 63 N.E.2d 369, at page 373, held that a taxpayer would not be estopped from attacking a consent judgment which had been entered against the city upon an unlawful contract.

■■ To say that the stipulation of counsel in this case, agreeing that the respondent was a fully insured individual even though he did not qualify as such under the law, is binding upon the State and upon this court, is to say that the Assistant Attorney General could bind the State by a stipulation to the entry of any illegal judgment and that this court would be powerless to protect the interests of the public because counsel for the public had erroneously stipulated entry of judgment. We believe that, if counsel for the State fails to protect the State's interests in any litigation and this failure becomes apparent to the court, the court should see that the public interests are protected. State v. Woodruff, 170 Miss. 744, 150 So. 760.

■ It might further be contended that, since the question of respondent's not being a fully insured individual was not raised in the trial court, this question cannot now be raised on appeal. Ordinarily, questions not raised at the trial will not be considered on appeal, and this court has so held in numerous cases. McDonald v. Abraham, 75 N.D. 457, 28 N.W.2d 582; Maher v. Ramsey County, 75 N.D. 760, 32 N.W.2d 679.

There are, however, certain exceptions to this rule. This court has held that, where a pertinent statute has been overlooked by both counsel and the court, resulting in plain error in a matter that is of public concern, this court will consider the error even though it is not brought to our attention by either of the parties. Megarry Bros. v. City of St. Thomas, N.D., 66 N.W. 2d 704.

Thus, where counsel for the State stipulated to an incorrect interpretation of a pertinent statute, resulting in plain error in a matter that is of public concern, this court should and will consider the error even though it is not brought to our attention by either party.

A situation analogous to this question is found in certain Federal cases involving the matter of payment of costs by the Government. Federal law provides that the United States shall be liable for costs only when such liability is expressly provided for by an Act of Congress. 28 U.S.C.A. § 2412 (a). Under this section, it has been held that immunity of the United States from liability for costs, when not expressly provided for by Congress, cannot be waived by the Attorney General or any other Government counsel. Mohr v. United States, D.C., 168 F.Supp. 734; 4 Cir., 274 F.2d 803.

It has also been held that failure to question, in the trial court or in the original brief filed in the Circuit Court of Appeals, the jurisdiction of the trial court to tax costs against the United States, would not be fatal and that such question may be raised thereafter. North Atlantic & Gulf S.S. Co. v. United States, 2 Cir., 209 F.2d 487.

■ Finally, the respondent contends that he has a vested right in OASIS by reason of

his having paid into it for a number of years while he was employed by the State. He relies upon the decision of this court in the case of Payne v. Board of Trustees of The Teachers Insurance & Retirement Fund, 76 N.D. 278, 35 N.W.2d 553. In that case, this court did hold that one who had taught for the full time required by the teachers retirement statute, but who did not make application for pension until after the law subsequently was changed, increasing the benefits, had his rights determined as of the date he completed his service as required by law. Thus, in the Payne case, the applicant became fully entitled to his pension when he had finished his twenty-five years of teaching and before he retired. Had LePire, in this case, become entitled to his pension before he terminated his employment, and had he fulfilled all requirements for his pension, he would have had a vested right in OASIS in the amount prescribed by the law at the time he was eligible to retire.

In other words, in the Payne case this court held, in effect, that if a teacher's rights ever are to vest, they vest when he has completed every condition required of him to make him eligible to receive his pension. The only way in which the plaintiff could acquire vested rights in the system prior to the fulfillment of all conditions required by the statutes would be if the OASIS statute itself specifically provided that members of OASIS should have such vested rights.

Here, the plaintiff had not reached the retirement age when he terminated his employment, on July 15, 1955. His contention that his rights to such pension had vested, even though he had not reached retirement age, might have some merit had he been fully insured at the time he terminated his employment; that is, had he had the coverage required under the statute to qualify as "fully insured." In any event, it is clear that, had he been eligible for retirement at the time he terminated his employment, or at the time of the agree-

ment execution date, April 23, 1957, his rights would have been preserved and the decision in the Payne case would be applicable. The subsequent repeal of the OASIS law would not, under those circumstances, have affected him or his rights under the law.

However, neither having served the time required to entitle him to retire and receive a pension nor having reached the retirement age, the plaintiff clearly had no vested rights in a pension under OASIS.

In the absence of a specific provision that employees affected by such plan shall have a vested right in it from the beginning of its operation, we hold that the plaintiff LePire, who had not the qualifications entitling him to retire at the time the plan was terminated and persons then employed by the State were transferred to the Federal Social Security program, had no vested rights in the OASIS system.

For reasons stated herein, the judgment of the district court is reversed.

SATHRE, C. J., and MORRIS, BURKE, and TEIGEN, JJ., concur.