Otto C. ASPLUND, Plaintiff and Appellant,

v.

NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Old Age and Survivor Insurance System, and Leslie Burgum, Attorney General for the State of North Dakota, Defendants and Respondents.

No. 8250.

Supreme Court of North Dakota.

Dec. 17, 1965.

Vogel, Ulmer & Bair, Mandan, for appellant.

Helgi Johanneson, Atty. Gen., and Lawrence E. Watson, Asst. Atty. Gen., Bismarck, for respondents.

TEIGEN, Judge.

This is an appeal from the judgment of the trial court affirming the decision of the Commissioners of the Workmen's Compensation Bureau determining that the plaintiff did not qualify for primary insurance benefits under the North Dakota Old Age and Survivor Insurance System and affirming the determination of the Claims Deputy. We affirm the trial court's judgment.

The plaintiff, Asplund, was employed continuously by the North Dakota State Highway Department from December 1937 until he retired in September 1959. On July 1, 1947, an Old Age and Survivor Insurance System (hereinafter called OASIS) became effective. It was created by Chapter 320 of the 1947 Session Laws of the State of North Dakota. The plaintiff became a currently insured individual under OASIS when the law became effective because he was an employee of the State of North Dakota.

At its 1955 session, the Legislative Assembly of the State of North Dakota enacted Chapter 306 authorizing the transfer of State employees from OASIS to the Federal Social Security program. This statute became effective on July 1, 1955. It provided that if State employees, at a referendum which was to be held pursuant to the terms of the statute, should approve such action, the transfer would be made of State employees to such Federal program. A referendum was held on December 20, 1956, at which a majority of the State employees voted affirmatively, and the transfer of all State employees to the Federal Social Security program became effective on April 23, 1957.

The plaintiff was an employee of the State during the entire period from July 1, 1947, when OASIS became effective, until April 23, 1957, when all State employees were transferred to the Federal Social Security program. This was a period of nine years, nine months, and twenty-three days.

It is the claim of the plaintiff that he is a "fully insured individual" under OASIS and acquired a vested interest and, therefore, when he became 65 years of age on November 12, 1959, and made application for primary insurance coverage, he

became eligible to receive the primary insurance benefits under OASIS.

In Le Pire v. Workmen's Compensation Bureau, N. D., 111 N.W.2d 355, we held:

" * * * From and after the execution date of the agreement with the United States, under which all State employees transferred from the Old Age and Survivor Insurance System of the State of North Dakota to the Federal Social Security program, which agreement date was April 23, 1955, no benefits are payable from such Old Age and Survivor Insurance System fund except to persons who then were receiving benefits by virtue of death or retirement occurring before such date, *or to persons who then were entitled to such benefit payments by reason of being fully insured prior to that time.*" (Emphasis supplied.)

In the Le Pire case, the plaintiff had terminated his employment with the State on July 15, 1955. He was not eligible to vote at the referendum held on December 20, 1956, and he was not an employee of the State on April 23, 1957, when all affected State employees were transferred to the Federal Social Security program, and he was not transferred to such program. In the instant case, the plaintiff was an employee on the aforementioned dates and continued in the employment of the State until September 30, 1959, when he retired. The plaintiff testified before the Commissioners that he voted at the referendum, that he continued in the employment of the State, that he was an employee who was transferred from the State OASIS program to the Federal Social Security program with benefits retroactive to January 1, 1955, under the Federal program. This was pursuant to the Federal-State agreement and Chapter 306 of the Session Laws of 1955.

It was stipulated at the hearing before the Commissioners of the North Dakota Workmen's Compensation Bureau that it was plaintiff's plan to collect retirement benefits from both programs, to wit, OASIS and Federal Social Security.

In the Le Pire case, we said:

"His contention that his rights to such pension had vested, even though he had not reached retirement age, might have some merit had he been fully insured at the time he terminated his employment; that is, had he had the coverage required under the statute to qualify as 'fully insured.'"

It is this plaintiff's contention that he was fully insured and we will now review this contention.

Chapter 308 of the Session Laws of 1955, Section 1(F), paragraph (2) [Section 52–09–20, paragraph F(2), N.D.C.C.], defines the term "fully insured individual" as applied to this case as follows:

"He had at least forty quarters of coverage. As used in this subsection, and in subsection (G) of this section, the term quarter and the term 'calendar quarter' mean a period of three calendar months ending on March 31, June 30, September 30, or December 31; and the term 'quarter of coverage' means a calendar quarter in which the individual has been paid not less than $50 in wages. When the number of quarters specified in paragraph (1) of this subsection is an odd number, for purposes of such paragraph such number shall be reduced by one. In any case where an individual has been paid in a calendar year four thousand two hundred dollars or more in wages, each quarter of such year following his first quarter of coverage shall be deemed a quarter of coverage, excepting any quarter in such year in which such individual dies or becomes entitled to a primary insurance benefit and any quarter succeeding such quarter in which he died or becomes so entitled."

There was stipulated into the record the affidavit of the Finance Director of the

North Dakota State Highway Department to which was attached Xerox copies of "Year to Date Earnings Records" for the months of May and June 1957, and Xerox copies of "Auditor's and Treasurer's Warrant Checks" drawn on the State of North Dakota Highway Construction Fund, payable to the plaintiff and marked "salary," for the months of April, May, and June 1957. The affidavit states the plaintiff, Asplund, was employed as an advance payroll worker whose wage remuneration was on a monthly basis, payable to him in the month in which he performed his service. The copy of the "Auditor's and Treasurer's Warrant Check" covering salary for the month of April 1957 was dated April 26, 1957, in the amount of $244.21. No payroll record for the month of April 1957 was submitted but it is explained in the said affidavit that payroll records commencing in May of 1957 are the oldest payroll records available because of a change to an IBM system instituted by the department. The May 1957 payroll record shows gross pay to date, including May 1957, of $1,500. Thus the plaintiff had not been paid $4,200 or more in wages in the calendar year of 1957 on April 23 of that year, and he had not been paid wages in the calendar quarter ending June 30, 1957, prior to the effective date of the agreement, to wit, April 23, 1957.

There is no question but what the plaintiff, Asplund, had 39 quarters of coverage when the second quarter of 1957 commenced on April 1, 1957. To qualify the plaintiff as a "fully insured individual," it was necessary that he have at least 40 quarters of coverage. The term "quarter" and the term "calendar quarter" were specifically defined in the statute as set forth above. It provided that a "quarter of coverage" means a calendar quarter in which the individual *has been paid* not less than $50 in wages or, if the individual *has been paid* in the calendar year $4,200 or more in wages, he would have coverage for all quarters within that year following his first quarter of coverage of the year.

Thus, under the clear wording of the statute, the plaintiff is not a "fully insured individual" and we, therefore, do not reach the question argued by counsel for the plaintiff. The question remaining open in the Le Pire case is unanswered.

For the reasons aforesaid, we affirm the judgment.

BURKE, C. J., and ERICKSTAD and C. F. KELSCH, District Judge, concur.

KNUDSON, J., concurs in the result.

STRUTZ, J., deeming himself disqualified, did not participate; Honorable C. F. KELSCH, District Judge, sitting in his stead.