STATE of North Dakota, Plaintiff
and Appellee,

v.

Richard McNAIR, Defendant
and Appellant.

Cr. No. 920015.

Supreme Court of North Dakota.

Oct. 1, 1992.

Bruce B. Haskell (argued), Asst. State's Atty., Bismarck, for plaintiff and appellee.

Wayne D. Goter (argued), Bismarck, for defendant and appellant.

ERICKSTAD, Chief Justice.

Richard McNair appeals from a criminal judgment entered upon a jury verdict finding him guilty of attempted escape, and from an order denying his motion for a new trial. We affirm.

McNair is serving a life sentence at the State Penitentiary in Bismarck. On Sunday, April 21, 1991, Steven Scott, who was chief of security at the penitentiary, learned from an inmate about an escape plot involving McNair and another inmate. Scott went to Roughrider Industries, a manufacturing complex located on the penitentiary grounds where inmates are allowed to work. Upon inspection, Scott discovered that most of the security fixtures inside an air vent leading to the outside of one of the buildings had been removed. According to Scott, there was "[v]ery little work left to do to gain entrance to the outside."

McNair and the other inmate were removed from the general prison population and placed in "prehearing detention." After being informed of his *Miranda* rights, McNair told Scott that he and the other inmate had planned to remove the remaining security fixtures the following Monday morning. According to Scott, McNair told him that "they intended to head east, possibly to New York City because it would be relatively easy to live undetected in a large city...." Scott testified that McNair also told him that

> "he had wished to die and didn't have enough courage to do it himself and he figured by breaching the security of the facility, he would be shot by a tower officer.... He also told me if he was undetected ... he intended to ... make the transmission [with an officer radio he had previously obtained] himself to the security personnel that there was an inmate outside the perimeter of the facility."

Scott also testified that McNair's jacket, a pair of glasses, "some food stuffs," and a diskette for McNair's word processor were found in the vicinity of the building.

McNair was charged with attempted escape in violation of §§ 12.1–06–01 and 12.1–08–06, N.D.C.C. Scott was the State's only witness at trial. McNair presented no evidence. The jury returned a verdict of guilty. The trial court sentenced McNair to three years of imprisonment to be served consecutively to his life sentence

and denied McNair's motion for a new trial. This appeal followed.

## I

McNair, who is represented on appeal by a different attorney than at trial, asserts that the trial court committed reversible error in failing to give the jury his proposed instruction on the essential elements of attempted escape. Although McNair submitted a requested instruction on the elements of the offense, he did not object to the trial court's instructions on attempted escape when given an opportunity to do so.

 An attorney's failure to object at trial to instructions, when given the opportunity, operates as a waiver of the right to complain on appeal of instructions that either were or were not given. *State v. Johnson*, 379 N.W.2d 291, 292 (N.D.), *cert. denied*, 475 U.S. 1141, 106 S.Ct. 1792, 90 L.Ed.2d 337 (1986); Rule 30(c), N.D.R.Crim.P. To preserve a challenge to a jury instruction, an attorney must except specifically to the contested instruction, regardless of whether the attorney proposed another instruction on the same issue. *See Andrews v. O'Hearn*, 387 N.W.2d 716, 728 (N.D.1986), and *Matter of Estate of Honerud*, 294 N.W.2d 619, 622 (N.D.1980), construing Rule 51(c), N.D.R.Civ.P., which is identical to Rule 30(c), N.D.R.Crim.P.

 Under these circumstances, our inquiry is limited to determining whether the alleged error constitutes obvious error affecting substantial rights of the defendant under Rule 52(b), N.D.R.Crim.P. *State v. Potter*, 452 N.W.2d 71, 72 (N.D. 1990). Our power to notice obvious error is exercised cautiously and only in exceptional situations where the defendant has suffered serious injustice. *State v. Heintze*, 482 N.W.2d 590, 593 (N.D.1992).

 McNair does not contend that the instructions given by the trial court omit an essential element of the offense of attempted escape. Rather, McNair asserts that because the trial court's instruction "lumped all of the elements into two paragraphs," instead of being separated into eight paragraphs as he proposed, the jury may have been misled. We disagree.

 The trial court's refusal to give a requested instruction that correctly states the law is not error if the instructions given to the jury, when considered in their entirety, correctly advise the jury of the applicable law. *State v. Farzaneh*, 468 N.W.2d 638, 643 (N.D.1991); *State v. Huwe*, 413 N.W.2d 350, 353 (N.D.1987). The trial court's instructions in this case, considered in their entirety, were neither misleading nor confusing, and correctly advised the jury of the law on attempted escape. Although the elements of the offense were not parsed in the fashion proposed by McNair, the jury was instructed regarding all elements of the offense. The cases relied upon by McNair discuss situations involving a total failure to instruct on an essential element of the offense. That did not occur here. We conclude that the trial court did not commit obvious error in refusing to give McNair's proposed instruction on the essential elements of attempted escape.

## II

McNair asserts that the trial court erred in denying his motion for a new trial because the State allegedly violated Rule 16, N.D.R.Crim.P., by failing to disclose tangible evidence obtained from him.

Before trial, McNair's attorney served the State with a Rule 16 request for discovery and inspection, requesting that he be allowed "to inspect and copy or photograph ... tangible objects ... which are within the possession, custody, or control of the prosecution, and which are material to the preparation of the defense, or are intended for use by the prosecutor as evidence in chief at the trial, or were obtained from or belong to defendant." The State responded that it would maintain an "open file" policy. The State also provided a list of prosecution witnesses, declared that it had produced copies of all relevant or recorded witness statements, and said that all items of evidence could be inspected by making appropriate arrangements.

During defense counsel's cross-examination of Scott, Scott testified that none of McNair's personal belongings were found inside the duct work at the building where the security fixtures were removed. On redirect examination, the prosecuting attorney asked Scott whether any of McNair's personal belongings were found during a search of the area. Scott testified, without objection, that McNair's jacket, glasses, "some food stuffs," and a diskette from McNair's word processor were found "in the vicinity of the metal shop." Apparently, these items were returned to McNair after they were found and the prosecuting attorney did not learn of them until the morning of trial. According to McNair, the State's failure to inform defense counsel that these items had been found constitutes a violation of the State's continuing duty to disclose under Rule 16(c) that can only be remedied by the granting of a new trial. We disagree.

■ Rule 16 is not a constitutional mandate, but is an evidentiary discovery rule designed to further the interests of fairness. *State v. Rasmussen*, 365 N.W.2d 481, 483 (N.D.1985). Noncompliance results in a constitutionally unfair trial "only where the barriers and safeguards are so relaxed or forgotten the proceeding is more of a spectacle or a trial by ordeal than a disciplined contest." *State v. Hager*, 271 N.W.2d 476, 484 (N.D.1978). If the error is not of constitutional magnitude, it is reversible only upon a showing that the defendant has been denied substantial rights. *Rasmussen, supra.* No substantial rights are affected when it is clear that the defendant was not significantly prejudiced by the discovery violation. *State v. Miller*, 466 N.W.2d 128, 132 (N.D.1991); *Rasmussen, supra.*

■ When apprised of a discovery violation, a trial court is authorized by Rule 16(d)(2), N.D.R.Crim.P., to use various remedies, but should impose the least severe sanction that will rectify the prejudice, if any, to the opposing party. *See State v. Thomas*, 420 N.W.2d 747, 752 (N.D.1988). The trial court may order further disclosure, grant a continuance, prohibit the evidentiary use of undisclosed material, relieve a requesting party from making a disclosure, or enter any other order it deems just under the circumstances. *See State v. Lince*, 490 N.W.2d 476 (N.D.1992); *Miller, supra; Thomas, supra.* The granting of a new trial as a remedy for a discovery violation is within the sound discretion of the trial court, and we will not disturb its decision on the matter absent an abuse of that discretion. *State v. Anderson*, 336 N.W.2d 123, 128 (N.D.1983).

■ It is undisputed that McNair's personal belongings were not in the custody of the state's attorney's office, and that the items were returned to McNair after they were found. Assuming that the State violated Rule 16 by failing to inform defense counsel of this fact after learning of it on the morning of trial [*see Anderson, supra*], we do not believe McNair has shown significant prejudice under the circumstances.

Although McNair claims unfair surprise by Scott's testimony, he did not object to its admission during the trial, when the trial court could have formulated a remedy to alleviate any alleged prejudice that may have resulted. Scott's testimony about discovery of McNair's personal belongings was elicited on redirect examination by the State, only after McNair's counsel, on cross-examination, had questioned Scott about whether any of McNair's belongings were discovered in the duct work. Scott was listed as a prosecution witness in the State's reply to McNair's discovery request, and could have been deposed by McNair. *See Rasmussen, supra; cf. State v. Martin*, 391 N.W.2d 611, 614–615 (N.D. 1986) [defendant is in weak position to assert prejudice from State's failure to produce records where defendant had access to and could have subpoenaed them]. Moreover, because the items were returned to McNair, it is difficult to comprehend unfair surprise from a fact "peculiarly within the knowledge of [the] defendant." *State v. Wagner*, 587 S.W.2d 299, 303 (Mo. Ct.App.1979). We conclude that the trial court did not abuse its discretion in refusing to grant a new trial on this ground.

## III

McNair asserts that the trial court committed reversible error in refusing to admit Scott's opinion testimony about McNair's intentions. During direct examination, Scott testified that McNair told him that he "wished to die" by having guards shoot him after removing himself from the secured area of the prison. On cross-examination, defense counsel asked Scott whether he "believe[d]" McNair when McNair told him this. The trial court sustained the State's objection to the question, reasoning that

> "He can testify as to what he said. His conclusions, I think are irrelevant, counsel. His opinion—the jury can draw whatever conclusions they want to from the facts. He brought out the facts—the statements made."

In its order denying the motion for new trial, the court further reasoned that Scott's opinion about McNair's "state of mind" would have been "speculative."

▮ Under Rule 701, N.D.R.Evid., the admissibility of a lay witness' testimony in the form of opinions or inferences is limited to those opinions or inferences that are rationally based on the perception of the witness and are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. *See, e.g., State v. Bohl,* 317 N.W.2d 790, 794–795 (N.D.1982). Because Rule 403, N.D.R.Evid., always allows a trial court discretion to exclude relevant evidence if its probative value is substantially outweighed by other considerations, the admissibility of lay opinion testimony is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *United States v. Hoffner,* 777 F.2d 1423, 1425 (10th Cir.1985); *Bohannon v. Pegelow,* 652 F.2d 729, 732 (7th Cir.1981).

▮ We recognize that some courts, construing identical Rule 701, Fed.R.Evid., have held that lay witnesses may give their opinion of the mental state of others if the knowledge, rational connection, and help-fulness requirements are met. *See* 3 *Weinstein's Evidence* ¶ 701[02], at p. 701–

21 (1992), and cases cited therein. Under the circumstances here, however, we cannot say that the trial court abused its discretion in disallowing Scott's opinion testimony.

Initially, whether Scott believed that McNair actually intended to be shot by guards after breaching prison security is of questionable relevance to this charge of attempted escape. Moreover, by reasoning that the testimony would be "speculative" and that the jury could draw its own conclusions from the facts, the trial court essentially found, and we agree, that McNair failed to establish the necessary foundational requirements for introduction of Scott's opinion testimony. The record falls far short of establishing that Scott had had sufficient contact with and personal knowledge of McNair to enable him to draw any rational conclusions about McNair's actual intention. *See, e.g., Hoffner, supra,* 777 F.2d at 1425–1426, and cases cited therein. The jury heard Scott's testimony that McNair told Scott he intended to be shot by prison guards. We cannot say that additional testimony about whether Scott believed McNair would have been particularly helpful to the jury. As the court stated in *Bohannon, supra,* 652 F.2d at 732:

> "An appellate court is hardly in a position to reevaluate, based on a cold record, the helpfulness of certain testimony or the subtle balancing of factors contained in Rule 403. The trial judge's decision on such issues must be a clear abuse of discretion to justify reversal and a new trial."

We conclude that McNair has not established that the trial court abused its discretion in disallowing Scott's opinion testimony. *Cf. State v. Fontaine,* 382 N.W.2d 374, 378 (N.D.1986).

The judgment and order are affirmed.

VANDE WALLE, JOHNSON, MESCHKE and LEVINE, JJ., concur.