**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Martin WISHNATSKY, Defendant and Appellant.**

Cr. Nos. 920102, 920209.

Supreme Court of North Dakota.

Nov. 5, 1992.

Constance L. Cleveland (argued), Asst. State's Atty., Fargo, for plaintiff and appellee.

Martin Wishnatsky, pro se; appearance by Peter B. Crary, Fargo.

ERICKSTAD, Chief Justice.

Martin Wishnatsky appeals from a judgment of conviction and sentence imposed by the Cass County Court on March 23, 1992, and from an order denying a Rule 35(a) of the North Dakota Rules of Criminal Procedure motion of June 17, 1992. We affirm.

On November 21, 1991, Wishnatsky, a/k/a John Doe # 609, was arrested, along with approximately 40 other adults, for Disobedience of a Judicial Order in violation of Section 12.1–10–05, N.D.C.C., a class A misdemeanor. Wishnatsky and the others, who are often referred to as "The Lambs of Christ," were protesting outside the Fargo Women's Health Organization as part of "Operation Rescue," an attempt to prevent abortions from being performed at the clinic. Wishnatsky represented himself at his jury trial on March 23, 1992. The jury returned a verdict of guilty, and the county court sentenced Wishnatsky to serve ten months at the Missouri River Correctional Center. Wishnatsky filed a timely appeal from the judgment of conviction and sentence. He then filed a motion in county court for a correction of his sentence, under Rule 35(a), N.D.R.Crim.P.[1] The county court denied Wishnatsky's motion. He appeals from that order also.

In essence, Wishnatsky is before this Court appealing the length of his sentence. We have repeatedly held that

> "trial judges have a wide discretion in determining the length of sentences imposed, especially where the sentence actually imposed is well within the statutory limits, *U.S. v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *State v.*

---

1. Rule 35(a) of the North Dakota Rules of Criminal Procedure, reads as follows:

    "*(a) Correction of Sentence.* The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

*Ankney,* 195 N.W.2d 547, 553 (N.D. 1972)."

*State v. Smith,* 238 N.W.2d 662, 671 (N.D. 1976). *See also State v. Warmsbecker,* 466 N.W.2d 105 (N.D.1991). The county court sentenced Wishnatsky within the statutory limits of the crime of which he was convicted.

Wishnatsky concedes that the length of a sentence is not, in itself, appealable. He argues, however, that the court imposed his sentence in an illegal manner, in violation of Section 29–26–18, N.D.C.C.[2] During sentencing, the court referred to a newspaper article in which Wishnatsky was reported to have made a statement from which it could be implied that he would not cease from protesting at clinics where abortions were performed. In reference to the article, the court said:

> "Although there's not much prior history on you in this county, the Court has reviewed the newspaper interview you gave in February and apparently you've been a member of the—you've been a full time protestor since 1989, arrested previously in New York and incarcerated there.
>
> "You've been quoted as saying you've made yourself available to be arrested, 'Available to risk my freedom for the unborn on a continual basis.'"

■ Wishnatsky asserts that when considering this evidence the court violated Section 29–26–18, N.D.C.C., when the evidence was not "presented by testimony of witnesses examined in open court," and when it did not fit within one of the three exceptions enumerated in the statute. He asserts that the newspaper article considered by the court at the sentencing hearing was inadmissible hearsay, and therefore the sentence was imposed in an illegal manner and was an appropriate basis for a Rule 35(a), N.D.R.Crim.P., correction of sentence. He further contends that denial of his 35(a) motion is appealable under Section 29–28–06(5), N.D.C.C.,[3] because the ruling affected his substantial rights.

We agree with Wishnatsky that this latter issue is appealable. We have so held. *See State v. Nace,* 371 N.W.2d 129, 131 (N.D.1985); *State v. Ennis,* 464 N.W.2d 378, 383 n. 6 (N.D.1990).

Although we agree that ordinarily the order might be appealable under Section 29–28–06(5), because of the court's failure to follow Section 29–26–18, N.D.C.C., the special circumstances existing in this case precipitated by Wishnatsky's own conduct militates against that conclusion. Subsequent to his arrest, Wishnatsky chose to remain silent on numerous occasions including pretrial hearings, the trial itself, and during the sentencing hearing. As a result of this choice, Wishnatsky did not object to the court's consideration of the newspaper article during sentencing.

It is a well-established tenet of appellate procedure that objections to the introduction of evidence must be raised at the very

---

**2.** Section 29–26–18, N.D.C.C., addresses evidence introduced during sentencing in aggravation or mitigation of punishment.

*"Evidence in aggravation or mitigation of punishment—How presented.* Circumstances in aggravation or mitigation of punishment must be presented by testimony of witnesses examined in open court, except (1) when a witness is so sick or infirm as to be unable to attend, his deposition may be taken by a magistrate of the county out of court, at a specified time and place, upon such notice to the adverse party as the court may direct, (2) the criminal record of the defendant furnished by the federal bureau of investigation or the state superintendent of criminal identification and reports of the state parole office may be received by the court without verification or other foundation, and, (3) results of psychological testing and psychiatric examination, certified in writing, may be received by the court without verification or other foundation, subject to such inspection and confrontation of witnesses as the court may permit or require in the interests of justice."

**3.** The right to appeal is a statutory right, and Section 29–28–06, N.D.C.C., denotes specific instances in which the legislature deems an appeal appropriate.

*"From what defendant may appeal.* An appeal may be taken by the defendant from:

1. A verdict of guilty;
2. A final judgment of conviction;
3. An order refusing a motion in arrest of judgment;
4. An order denying a motion for a new trial; or
5. An order made after judgment affecting any substantial right of the party."

time the evidence is introduced, or the objections will be waived.

"Any objection to the admissibility of evidence is waived by failing to object thereto. If defendant fails to object to evidence when first offered, he waives its competency.

\* \* \* \* \* \*

"The proper time to object to the introduction of evidence is when it becomes apparent that error will be committed by receiving evidence which is not admissible, as when the evidence is offered, or when a question is asked which is in itself improper or calls for an improper answer."

*State v. Julson,* 202 N.W.2d 145, 153 (N.D. 1972).

This rule is especially important in maintaining the constitutional and legislative divisions among the different courts of the state.

"These touchstones are not procedural technicalities nor arbitrary rules; they provide a basis for our jurisdiction and serve as a reminder that we are primarily a court of review, not a court which determines facts and considers legal issues anew."

*State v. Kopp,* 419 N.W.2d 169, 172 (N.D. 1988). *See also State v. Hersch,* 445 N.W.2d 626 (N.D.1989); *State v. Padgett,* 410 N.W.2d 143 (N.D.1987); *State v. Obrigewitch,* 356 N.W.2d 105 (N.D.1984); *State v. Jungling,* 340 N.W.2d 681 (N.D.1983); *State v. Bergeron,* 326 N.W.2d 684 (N.D. 1982); *State v. Swanson,* 225 N.W.2d 283 (N.D.1974); *State v. Albers,* 211 N.W.2d 524 (N.D.1973).

We have held that this tenet applies not only during the trial itself, but also during the sentencing hearing, in cases similar to Wishnatsky's appeal. In *Application of Stone,* 171 N.W.2d 119 (N.D.1969), *cert. denied,* 397 U.S. 912, 90 S.Ct. 912, 25 L.Ed.2d 93 (1970), the defendant did not object, during the sentencing hearing, to the introduction of written statements by two doctors concerning the extent of the physical injuries of the two victims. On appeal the defendant asserted that the evidence at the sentencing hearing violated Section 29–26–18, N.D.C.C. Notwithstanding that argument, we held that because the defendant did not object to the evidence when the evidence was offered, he waived any further objections to the trial court's reliance on such evidence.

"Section 29–26–18, N.D.C.C. has been interpreted in *State v. Hefta,* 88 N.W.2d 626, 629 (N.D.1958), in which this court stated:

'Defendant was present when the exhibits were offered and made no objection. He must be held to have waived the right to make any such objection.' "

*Application of Stone,* 171 N.W.2d at 128. *See also State v. Willms,* 117 N.W.2d 84, 87–89 (N.D.1962) (when a defendant fails to object to the introduction or consideration of evidence in violation of Section 29–26–18, N.D.C.C., at the sentencing hearing, the sentence will not be reversed, absent prejudicial error); *State v. Hefta,* 88 N.W.2d 626, 629 (N.D.1958) (if a defendant fails to object to evidence at the sentencing hearing, he has waived the right to make any further objection to that evidence).

Should it be asserted that this is a harsh rule to apply to a pro se defendant who chose to defend himself by standing moot and without the aid of legal counsel, it should be noted that there is yet another reason why this appeal should be dismissed, and that is Rule 52(a), N.D.R.Crim.P. That rule provides:

"(a) *Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

Notwithstanding Rule 52(a), if the error in admitting the evidence constitutes "obvious error," under Rule 52(b), then we should review Wishnatsky's case on appeal. Rule 52(b) reads:

"(b) *Obvious Error.* Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

However, "[o]ur authority to notice obvious error is exercised cautiously and only in exceptional situations where the defendant

has suffered serious injustice." *State v. Kopp,* 419 N.W.2d at 173. *See also State v. Padgett,* 410 N.W.2d at 146.

Upon consideration of the alleged error in this case, although we disapprove of the court's use of the article and urge courts to follow Section 29–26–18, N.D.C.C., in sentencing, it is our view that the error here was clearly harmless error. Pertinent is the explanatory note to Rule 52, N.D.R.Crim.P., which states that "[t]o determine whether error affecting substantial rights of the defendant has been committed, the entire record must be considered and the probable effect of the error determined in the light of all the evidence." *See also State v. Carmody,* 253 N.W.2d 415 (N.D.1977) (even constitutional violations can be harmless error).

Wishnatsky admitted, at both the trial level and the appellate level, that the contents of the article are true, and that on remand, if asked the question of his propensity to continue such activity, he would answer in the affirmative. He informed this Court at the time of oral argument that he sees it as his duty; it is the "least that anybody could do." Thus, although the county court erred in referring to the article and possibly relying upon it in sentencing Wishnatsky, the error cannot be considered prejudicial to Wishnatsky justifying a remand for resentencing and compliance with Section 29–26–18, N.D.C.C.[4] Furthermore, the record reflects that the county court considered many other appropriate matters before imposing sentence, such as: Wishnatsky's refusal to adhere to the conditions of his personal recognizance bond by staying 500 feet away from the clinic, his previous record, his lack of cooperation with both the law enforcement authorities and the county court, an evaluation from the State Hospital in Jamestown, and his own declarations to the county court concerning his feelings about abortion protesting. These factors could well

explain the length of Wishnatsky's sentence.

For the foregoing reasons, we affirm the county court's judgment of conviction and sentence, and the order denying the motion under the Rule 35(a), N.D.R.Crim.P., for correction of sentence.

VANDE WALLE, MESCHKE, LEVINE and JOHNSON, JJ., concur.

---

4. This Court has constitutional and statutory authority to promulgate procedural rules which may supersede statutory procedural rules. *See* N.D. Const. art. VI, § 3; Section 27–02–08, N.D.C.C. *See also City of Fargo v. Dawson,* 466 N.W.2d 584 (N.D.1991); *Schempp–Cook v. Cook,*

455 N.W.2d 216 (N.D.1990); *Hamilton v. Hamilton,* 410 N.W.2d 508 (N.D.1987); *In Interest of D.J.H.,* 401 N.W.2d 694 (N.D.1987); *Production Credit Ass'n of Mandan v. Olson,* 280 N.W.2d 920 (N.D.1979).