**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Bernard L. HOLECEK, Defendant and Appellee.**

**STATE of North Dakota, Plaintiff and Appellant,**

v.

**John B. BRENNAN, Defendant and Appellee.**

**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Ronald D. SHAW, Defendant and Appellee.**

**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Timothy K. LINDGREN, Defendant and Appellee.**

**Criminal Nos. 950175 to 950178.**

Supreme Court of North Dakota.

April 8, 1996.

Rehearing Denied May 14, 1996.

John T. Goff (argued), State's Attorney, Fargo, for plaintiff and appellant.

Karen Orr Hoghaug (argued), of DeMars & Turman, Fargo, Peter B. Crary (appearance), of Peter B. Crary Law Office, Fargo, and Richard D. Varriano, Moorhead, MN, for defendants and appellees. Peter B. Crary and Richard D. Varriano, on brief.

BERYL J. LEVINE, Surrogate Judge.

The State appeals from an order dismissing criminal charges for disobedience of a judicial order against Bernard Holecek, John Brennan, Ronald D. Shaw and Timothy K. Lindgren. Because the judicial order in this case, a temporary injunction, was still valid at the time the appellees were accused of violating it, we reverse and remand for further proceedings.

I

On October 25, 1991, a temporary restraining order was issued, placing restrictions against protestors demonstrating outside the Fargo Women's Health Organization, Inc., a medical clinic which provides abortion services. The temporary restraining order was continued as a preliminary injunction on November 14, 1991. We modified the preliminary injunction and remanded for findings on the size of the injunctive zone in *Fargo Women's Health v. Lambs of Christ,* 488 N.W.2d 401 (N.D.1992). We upheld the resulting "Amended Temporary Injunction," issued on September 17, 1992, in *Fargo Women's Health v. Lambs of Christ,* 502 N.W.2d 536 (N.D.1993). This temporary injunction enjoins the named party defendants and "all other individuals who receive actual notice of [the injunction] by personal service ... or by having it read to them...." We have affirmed convictions for disobeying a judicial order, under N.D.C.C. § 12.1–10–05, of protestors who violated the temporary injunction. *See State v. Franck,* 499 N.W.2d 108 (N.D.1993); *State v. Wishnatsky,* 491 N.W.2d 733 (N.D.1992).

A civil trial to determine whether the preliminary injunction should be made permanent began in October 1993, but ended in a mistrial in November 1993. After declaring the mistrial, the trial judge stated the "injunction remains in effect." After the mistrial, both sides demanded a new judge. A new trial judge was assigned to the case on January 4, 1994.

On November 22, 1994, the appellees were arrested and charged with disobeying a judicial order, under N.D.C.C. § 12.1–10–05. Allegedly, they violated the terms of the September 1992 amended temporary injunction by protesting against the clinic within the protest-free zone. That injunction was the one the trial court ordered to remain in effect.

On December 27, 1994, the attorneys for the defendants in the civil action, who also are the attorneys for the appellees,[1] filed a "motion to dismiss and/or motion to dissolve

---

1. The attorney who argued this appeal for the appellees did not represent them in the trial court. One of the four appellees, Lindgren, was also a named party defendant in the civil action.

injunction." They argued that, under N.D.C.C. § 32–06–03, the preliminary injunction had elapsed by operation of law, at the very latest, on July 4, 1994, six months after the new trial judge had been assigned following the mistrial. On the same date, the appellees' attorneys moved for a continuance "until the court presiding over" the civil action "has determined whether or not the preliminary injunction, upon which the [appellees] were arrested, had expired and was, therefore, no longer a lawful injunction at the time the [appellees] were arrested for violating the same. . . ." The State did not object, and the continuance was granted.

On February 15, 1995, the trial court in the civil action denied the defendants' motion to dismiss and dissolve the amended temporary injunction. The civil defendants appealed to this court. In unpublished orders dated May 3 and 10, 1995, we dismissed the civil appeal "for lack of appealability," and dismissed the civil defendants' motion to vacate the mandate and reinstate the appeal, respectively.

Meanwhile, the appellees had moved to dismiss the charges, asserting that "an essential element of the case—the existence of a lawful judicial order—was absent," when they were arrested. The appellees similarly argued that the preliminary injunction was no longer in effect at the time of their arrests because it had expired by operation of law under N.D.C.C. § 32–06–03.

The trial court, on May 8, 1995, agreed and dismissed the criminal charges against the appellees, concluding that N.D.C.C. § 32–06–03 "is a mandatory period of limitations upon the existence of any temporary restraining order or preliminary injunction." The State appealed.

Disobedience of a judicial order is a criminal offense under N.D.C.C. § 12.1–10–05(1):

"1. A person is guilty of a class A misdemeanor if he disobeys or resists a lawful temporary restraining order or preliminary or final injunction or other final order, other than for the payment of money, of a court of this state."

The statute the appellees assert relieves them of criminal liability is N.D.C.C. § 32–06–03, which says:

"*Injunction—When granted—Limitation.*—The injunction may be granted at the time of commencing the action, or at any time afterwards before judgment, upon its appearing satisfactorily to the court or judge, by the affidavit of the plaintiff, or of any other person, that sufficient grounds exist therefor. A copy of the affidavit must be served with the injunction. *In no case shall a longer period than six months elapse before the hearing of the merits of the case shall be had for the purpose of deciding the question as to the justice or necessity of making the temporary restraining order permanent.*"

(Emphasis added).

## II

■ The State asserts the six-month time limit applies only to temporary restraining orders, and because the appellees are charged with violating a temporary or preliminary injunction, the statute is inapplicable. The appellees assert this issue is not properly preserved for appeal because the State did not present this argument to the trial court.

■ Questions not raised before the trial court will not be considered on appeal. *E.g., Taghon v. Kuhn,* 497 N.W.2d 403, 406 (N.D. 1993). But, this court has held that, "where a pertinent statute has been overlooked by both counsel and the court, resulting in plain error in a matter that is of public concern, this court will consider the error even though it is not brought to our attention by either of the parties." *Le Pire v. Workmen's Compensation Bureau,* 111 N.W.2d 355, 359 (N.D.1961). *See also State v. Larsen,* 515 N.W.2d 178, 182 (N.D.1994); *Soo Line R. Co. v. State,* 286 N.W.2d 459, 464 (N.D.1979); *Megarry Bros. v. City of St. Thomas,* 66 N.W.2d 704, 708 (N.D.1954). For example, in *Le Pire,* 111 N.W.2d at 359, even though the State had stipulated to an incorrect interpretation of a state statute, the court considered the error notwithstanding the parties' failure to bring it to the court's attention.

■ In *Larsen*, the argument was that the appellant could not rely on a dispositive decision interpreting the MIDA bond statutes issued after the trial court's ruling because the appellant did not raise the MIDA bond statutes in the trial court proceedings. We disagreed, reasoning:

"We have a duty to conduct appellate review 'in light of all relevant precedents, not simply those cited to or discovered by the district court.' *Elder v. Holloway*, 510 U.S. [510], ——, 114 S.Ct. 1019, 1021, 127 L.Ed.2d 344, 348 (1994). Otherwise, decisions might turn on 'shortages in counsels'' or the court's legal research or briefing', *id.*, at ——, 114 S.Ct. at 1023, 127 L.Ed.2d at 350, and 'could occasion appellate affirmation of incorrect legal results.' *Id.*, at ——, 114 S.Ct. at 1023 n. 3."

*Larsen*, 515 N.W.2d at 182. *Larsen* elucidates not only our authority, but our duty to decide the applicability of relevant statutes to legal controversies whether or not the parties have pointed us to them or argued a particular construction.

■ Indeed, the interpretation of a statute is a question of law that is fully reviewable by this court. *Zuger v. North Dakota Ins. Guar. Ass'n*, 494 N.W.2d 135, 136 (N.D. 1992). The primary purpose of statutory construction is to ascertain the intent of the legislature. *Burlington Northern v. State*, 500 N.W.2d 615, 617 (N.D.1993). As *Larsen* and *Le Pire* demonstrate, in pursuing that goal, we are not limited to adopting one of the opposing constructions of statutes urged by the parties when neither construction conforms with what we believe is the legislature's intention. The critical issue in this case is the validity of the temporary injunction in light of the six-month time limit under N.D.C.C. § 32–06–03. Therefore, the proper construction of that statute is necessarily part of the issue on appeal.

■ Technically, a temporary restraining order, which may be issued ex parte without a hearing, is a species of injunction, typically brief in duration, that has as its purpose maintaining the status quo until a determination can be made on the temporary injunction issue. *Amerada Hess Corp. v. Furlong Oil & Minerals*, 336 N.W.2d 129, 132 (N.D.1983); 42 Am.Jur.2d *Injunctions* § 10 (1969). On the other hand, the purpose of a temporary or preliminary injunction "is to maintain the cause in status quo until a trial on the merits." *Gunsch v. Gunsch*, 69 N.W.2d 739, 745 (N.D.1954). Thus, ordinarily, a temporary restraining order precedes a temporary or preliminary injunction, which in turn precedes a permanent injunction if, after a hearing on the merits, a permanent order is found to be necessary. We believe that, by describing as a "temporary restraining order" the temporary or preliminary injunction that ordinarily precedes the trial on the merits of the case, the legislature has created an ambiguity in the statute.

■ We construe ambiguous statutes as a whole to determine the intent of the legislature. *State v. Erickson*, 534 N.W.2d 804, 807 (N.D.1995). The obvious purpose of N.D.C.C. § 32–06–03 is, upon motion of a party, to prevent the misuse of a provisional remedy, obtained before a hearing on the merits, as an effective substitute for a permanent injunction. *See German Savings & Loan Society v. Aldridge*, 5 Cal.App. 215, 89 P. 1063, 1064 (1907) (construing Cal.Code Civ.Proc. § 527, upon which N.D.C.C. § 32–06–03 is patterned). The wrong to be remedied, prolonged delay of a hearing on the merits, is as real in the case of a temporary injunction as it is in the case of a temporary restraining order. If we were to construe the six-month limitation as applying to temporary restraining orders alone, the purpose of the statute, preventing prolonged delay of the hearing on the merits, would be defeated whenever a temporary or preliminary injunction was obtained. *See Gunsch*, 69 N.W.2d at 749 (when preliminary injunction is granted, temporary restraining order ceases by its own limitations). We construe statutes to avoid absurd and ludicrous results. *State v. Sorensen*, 482 N.W.2d 596, 598 (N.D.1992). The statute was intended to prevent temporary orders, however designated, to substitute indefinitely for a permanent ruling after a hearing on the merits.

We conclude the six-month limitation under N.D.C.C. § 32–06–03 applies to temporary or preliminary injunctions.

### III

We conclude the trial court improperly construed the statute as rendering a temporary or preliminary injunction automatically void if no hearing is held within the six-month limitation period.

Section 32–06–03, in effect, bestows a right upon any party to demand a hearing within six months. The parties are thus empowered to monitor the expedited process the legislature envisioned. It is for the parties' sake that the statute sets a time limit. However, the legislature did not specify a remedy for the failure to demand a hearing within the six-month time limit. The statute says that the hearing must be held within six months. It does not say the temporary restraining order terminates or becomes automatically void if no hearing is held within the six-month period. In contrast to this statute's silence on the subject of remedy, other statutes specify the remedy for the failure to follow a statutory time limit. *See, e.g.,* N.D.C.C. § 28–27–31 (in "every case on appeal in which the supreme court orders a new trial or further proceedings in the court below, the record must be transmitted to such court and such proceedings must be had therein within one year from the date of such order in the supreme court, or in default thereof the action shall be dismissed, . . ."); N.D.C.C. § 29–33–03 (if case not brought to trial within 90 days after request under Uniform Mandatory Disposition of Detainers Act, "no court of this state any longer has jurisdiction thereof, . . . and the court shall dismiss it with prejudice"); N.D.C.C. § 29–34–01 Article V(3) (under Interstate Agreement on Detainers Act, if action on which detainer is based is not brought to trial within applicable time periods, the appropriate court where charge is pending "shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect"). *See also* N.D.R.Civ.P. 25(a)(1) (unless motion to substitute party is made not later than 90 days after death is suggested on the record, "the action shall be dismissed as to the deceased party"). *Cf. Lang v. Basin Elec. Power Cooperative,* 274 N.W.2d 253, 258 (N.D.1979) (action to relieve party from judgment after contempt citation issued does not affect contempt order even though motion is granted). Where, as here, the legislature has not stated its intended effect of the running of the six-month time limit without demand having been made for a hearing or for dissolution after the time limit has run, it is reasonable to presume the legislature intended the temporary restraining order to remain in effect.

Under N.D.C.C. § 32–06–03, the appellees had the right to demand a hearing be held within six months of the time the temporary injunction was issued or to seek dissolution of the injunction after six months. *Compare Greenwood v. Moore,* 545 N.W.2d 790 (N.D. 1996) (where demand was made for hearing, but hearing was not held within statutory time period, dismissal was proper). Without either of those actions, the injunction remained effective. Here too, we have the additional question of the impact of the order of the trial judge in the civil action continuing the effectiveness of the temporary injunction. In this case, we need not decide whether the trial judge in the civil action had the authority to extend the temporary injunction because the attempt to have that injunction dissolved, based on the six-month time limitation, came too late to assist the appellees, who are accused of violating the injunction before the motion was made.

The temporary injunction was valid at the time the appellees were accused of violating it. Therefore, the trial court erred in dismissing the criminal charges.

We reverse the order of dismissal and remand for further proceedings.

VANDE WALLE, C.J., and MESCHKE and NEUMANN, JJ., concur.

The Honorable MARY MUEHLEN MARING was not a member of this Court when this case was heard and did not participate in this decision.

SANDSTROM, Justice, concurring specially.

Although I concur in the result reached by the majority, I would not consider the issue answered in part II of the majority opinion. That issue was not raised by the State before the trial court, does not involve plain error, and is not dispositive on appeal.

In part II the majority considers the State's argument that N.D.C.C. § 32–06–03 "applies only to temporary restraining orders and not to preliminary injunctions." The State did not raise this issue in the trial court.

Issues not raised at the trial court are not considered on appeal. *Morstad v. State*, 518 N.W.2d 191, 194 (N.D.1994) ("Because Morstad did not raise the Eighth Amendment issue below, we do not decide this issue."); *State v. Whiteman*, 79 N.W.2d 528, 540 (N.D. 1956). As a sole exception, we have permitted a *defendant* to raise for the first time on appeal an "obvious error" affecting the defendant's fundamental rights. *State v. Austin*, 520 N.W.2d 564, 569–570 (N.D.1994) ("Our power to notice obvious error is exercised cautiously and only in exceptional circumstances where the defendant has suffered serious injustice.") (citing *State v. McNair*, 491 N.W.2d 397, 399 (N.D.1992)).

The majority cites civil cases permitting consideration of other issues or authorities not raised in the trial court, which involve plain error or which are dispositive on appeal. But as the majority concludes, however, the issue considered in part II neither involves plain error (nor any error), nor is it dispositive on appeal.